414 F.Supp. 684 (1975)
J. B. JOHNSON, Plaintiff,
v.
Gene McNARY, St. Louis County Supervisor, individually and in his official capacity as former Prosecuting Attorney of St. Louis County, Missouri, et al., Defendants.
No. 75-702 C (1).
United States District Court, E. D. Missouri, E. D.
December 8, 1975.
*685 Paul R. Hales, F. Dianne Taylor, St. Louis, Mo., William M. Kunstler, New York City, for plaintiff.
C. John Pleban, St. Louis, Mo., Courtney Goodman, Jr., Thomas Dittmeier, Thomas W. Wehrle, Donald J. Weyerich, Clayton, Mo., for defendants.

MEMORANDUM
MEREDITH, Chief Judge.
This action is before the Court on the separate motions of defendants to dismiss, to drop parties-defendant, to strike, and for a more definite statement.
On January 30, 1970, plaintiff was arrested and subsequently charged with first-degree murder for the shooting death of a University City, Missouri, police detective who was killed during the course of an attempted jewelry store holdup. The criminal case against plaintiff was tried in the Circuit Court of St. Louis County, Missouri, before Judge George W. Cloyd and a jury. Plaintiff was found guilty and sentenced to life imprisonment on December 15, 1972. On December 16, 1974, plaintiff's conviction was reversed and the cause remanded for a new trial by the Supreme Court of Missouri. The reversal was affirmed by the Supreme Court sitting en banc on July 14, 1975.
Retrial of the charges against plaintiff is presently scheduled for January 12, 1976. This Court takes judicial notice from the records of the Circuit Court of St. Louis County that plaintiff, who was incarcerated for a total of thirty-four months, has been at liberty since July 17, 1975, following the posting of a surety bond in the amount of $25,000.
On August 11, 1975, plaintiff brought this action for injunctive and declaratory relief and for damages against Gene McNary, former Prosecuting Attorney of St. Louis County; Noel Robyn, Assistant Prosecuting Attorney for St. Louis County; Courtney Goodman, Jr., Prosecuting Attorney for St. Louis County; Thomas Dittmeier, Assistant Prosecuting Attorney for St. Louis County; James Damos, Chief of Police of University City, Missouri; Francis Reich, Captain in the University City Police Department; Joseph Dowling, Gary Kannenberg, William B. Kranz, William Schwartz, John Bernard, Michael Fitzpatrick, "John Doe," and "Richard Roe," all police officers or investigators of the University City Police Department, St. Louis County Police Department, and St. Louis County Prosecuting Attorney's Office, alleged to have participated in the investigation of the criminal charges against plaintiff.
Jurisdiction is invoked under the federal question, civil rights and declaratory judgment sections of Title 28, U.S.C. (sections 1331, 1343(3) and (4), and 2201). Federal question and civil rights jurisdiction is based on the Civil Rights Acts of 1870 and 1871 (42 U.S.C. §§ 1981 and 1983) and on the Fifth, Sixth, Thirteenth, Fourteenth, and Fifteenth Amendments to the Constitution.
Plaintiff's basic allegation is that defendants in bad faith and for purposes of harassment have conspired to falsely accuse *686 and prosecute plaintiff for first-degree murder, specifically that they have caused false and fabricated evidence to be presented to and exculpatory evidence to be withheld from, grand and petit juries.
Plaintiff's factual allegations are that defendants (1) suppressed the fact that the proprietor of the jewelry store, the only eyewitness, had identified the accused as wearing dark clothing, whereas plaintiff when arrested was wearing bright or lightly colored clothing; (2) permitted the proprietor to testify contrary to his original description; (3) represented that two rings actually found in an automobile near the scene of the crime had been recovered from plaintiff's shoe during a search of his person conducted shortly after his arrest; (4) entered into evidence a denim jacket unlawfully procured by defendants and falsely attributed to plaintiff; and (5) withheld from plaintiff until mid-trial in violation of a court order issued more than one year prior to trial, statements allegedly made by plaintiff to law-enforcement personnel.
The Missouri Supreme Court reversed plaintiff's conviction on the grounds that it was error for the trial court to admit as impeachment testimony the alleged extra-judicial statements which had been improperly withheld from plaintiff. The Court did not pass on other points of error advanced by plaintiff on his appeal, but stated that they ". . . should not recur on a new trial and require no consideration on this appeal."
As relief, plaintiff seeks an order enjoining defendants from prosecuting him under the indictment for the murder of the police detective, directing the expungement of all records relating to that charge, and enjoining defendants from similarly violating his constitutional rights in the future. Plaintiff also seeks a declaratory judgment that defendants' actions relating to his prosecution were illegal and unconstitutional, damages in the amount of $1,000,000, and an order directing the United States Attorney for District of Missouri to investigate the circumstances surrounding his prosecution for possible violations of federal law by defendants.
A federal court cannot interfere with a pending state criminal proceeding unless the person being prosecuted by the state can show that without an injunction he would suffer immediate irreparable harm. Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Moreover,
"Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered `irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." Id. at 46, 91 S.Ct. at 751.
The additional circumstances which would warrant an injunction are a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief." Id. at 54, 91 S.Ct. at 755. Plaintiff in this case urges that defendants' actions constitute the type of bad faith, harassment, and unusual circumstances requiring injunctive relief under the Younger standards. In addition, he contends that the threatened injury cannot be eliminated in a "single criminal prosecution" since he has already been tried once, and the resulting conviction reversed by the highest court of the state.
Plaintiff's specific factual allegations, which must be taken as true in determining this motion to dismiss, e. g., Cruz v. Beto, 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); Bramlet v. Wilson, 495 F.2d 714 (8th Cir. 1974), do not amount to the type of harassment and bad faith prosecution which would call for a federal injunction. In a companion case to Younger, supra, Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701, (1971), the Court explained that bad faith prosecution in the Younger sense meant prosecutions undertaken without hope of obtaining a valid conviction. 401 U.S. at 85, 91 S.Ct. 674; Kugler v. Helfant, 421 U.S. 117, 95 S.Ct. *687 1524, 44 L.Ed.2d 15 (1975). The alleged wrongful acts of defendants here can in no way be construed as prosecution undertaken solely for purposes of harassing plaintiff in order to discourage him from exercising his constitutional rights.
Plaintiff also argues that defendants' alleged acts amount to the "unusual circumstances" noted in Younger as warranting injunctive relief. Several cases both before and after the Younger case have specifically held that controversies over illegally obtained evidence are not such unusual circumstances. E. g., Perez, supra, 401 U.S. at 84, 91 S.Ct. 674; Stefanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138 (1951) (evidence obtained in violation of the Fourth Amendment); Turco v. Allen, 334 F.Supp. 209 (D.Md.1971) (alleged subornation and use of perjured testimony). As the Court stated in Stefanelli, supra, 342 U.S. at 123, 72 S.Ct. at 122:
"Every question of procedural due process of lawwith its far-flung and undefined rangewould invite a flanking movement against the system of State courts by resort to the federal forum, with review if need be to this Court, to determine the issue. Asserted unconstitutionality in the impaneling and selection of the grand and petit juries, in the failure to appoint counsel, in the admission of a confession, in the creation of an unfair trial atmosphere, in the misconduct of the trial courtall would provide ready opportunities, which conscientious counsel might be bound to employ, to subvert the orderly, effective prosecution of local crime in local courts."
Plaintiff has shown no reason why vindication of his rights cannot be had in the state courts of Missouri. The reversal of his original conviction on the grounds of nonproduction of extrajudicial statements allegedly made by plaintiff argues persuasively that his rights have been and will continue to be carefully guarded by the state.
We next come to plaintiff's contention that the immediate irreparable injury threatened by continued prosecution of his case cannot be eliminated in a "single criminal prosecution".
Just as reprosecution under the same indictment after a defendant has secured a reversal on direct appeal is not violative of the Double Jeopardy Clause of the Fifth Amendment, Forman v. United States, 361 U.S. 416, 80 S.Ct. 481, 4 L.Ed.2d 412 (1960); United States v. Ball, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896); United States v. Means, 513 F.2d 1329, 1332 (8th Cir. 1975), neither does it under most circumstances amount to the type of harassing multiple prosecutions condemned in Younger.
There might be some instances where a reprosecution after a conviction is reversed on an appeal taken by the defendant would warrant an injunction restraining the state proceedings. In Duncan v. Perez, 445 F.2d 557 (5th Cir. 1971), cert. denied, 404 U.S. 940, 92 S.Ct. 282, 30 L.Ed.2d 254 (1971), for example, reprosecution for a "de minimus battery" was enjoined. In that case, plaintiff, a young black man, was being prosecuted for slapping a white youth on the arm in a street altercation between a group of black and white youths which took place near a recently integrated school. Plaintiff's conviction was reversed by the United States Supreme Court on the grounds that plaintiff was deprived of his constitutional right to a trial by jury. After reversal, but before retrial, the state legislature reduced the maximum sentence for simple battery from two years to six months, thus obviating the need for a retrial on the grounds stated by the Supreme Court. The district court, in finding that plaintiff was entitled to an order restraining reprosecution, found that retrial would cause irreparable injury to the exercise of federally secured rights by other black residents of the area, and that ". . . any violation which may have occurred was so slight that the State . . . did not have a legitimate interest in reprosecution after reversal of the prior conviction." 445 F.2d at 560.
Although this case has been brought under section 1981, as well as section 1983, inferring that plaintiff's prosecution was *688 racially motivated, Olson v. Rembrandt Printing Co., 375 F.Supp. 413 (E.D.Mo. 1974), aff'd on other grounds, 511 F.2d 1228 (8th Cir. 1975), plaintiff has made no factual allegations to support such a claim. Likewise, plaintiff has made no intimation that his prosecution was brought to discourage conduct protected by the First Amendment, or any other conduct protected by the Constitution. See Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). In any suit to enjoin a state criminal trial, the Court must weigh the interest of the state in prosecution against the interest of the federal court in protecting the constitutional rights of the accused. Certainly the state in this case has the highest interest in the prosecution of a person accused of the murder of a police officer. Plaintiff, on the other hand, has alleged no facts to show that his constitutional rights will not be adequately protected by the state courts.
Plaintiff's request for a declaratory judgment that defendants' actions were illegal and unconstitutional must fail for the same reasons that injunctive relief has been denied. Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971).
In view of the Court's findings, the Court does not find it appropriate to try plaintiff's remaining claims for monetary damages against the defendants while the criminal charge is pending against the plaintiff. Plaintiff's claim against defendants will certainly be affected by the outcome of the criminal case now pending against him. Accordingly, these claims will be dismissed without prejudice.
Plaintiff also seeks an order directing the United States Attorney for the District of Missouri to investigate the circumstances surrounding his prosecution to determine if defendants violated any federal laws in their investigation and prosecution of the case. The determination of whether or not to undertake an investigation or prosecution of a particular case is within the absolute discretion of the United States Attorney. Smith v. United States, 375 F.2d 243, 246-47 (5th Cir.), cert. denied 389 U.S. 841, 88 S.Ct. 76, 19 L.Ed.2d 106 (1967). As stated by that Court in United States v. Cox, 342 F.2d 167, 171 (5th Cir.). cert. denied 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965):
"[a]lthough as a member of the bar, the attorney for the United States is an officer of the court, he is nevertheless an executive official of the Government, and it is as an officer of the executive department that he exercises a discretion as to whether or not there shall be a prosecution in a particular case. It follows, as an incident of the constitutional separation of powers, that the courts are not to interfere with the free exercise of the discretionary powers of the attorneys of the United States in their control over criminal prosecutions."
In a proper case, this Court might refer papers to the United States Attorney, or direct that available evidence be presented to a federal grand jury. O'Bryan v. Chandler, 352 F.2d 987 (10th Cir. 1965), cert. denied 384 U.S. 926, 86 S.Ct. 1444, 16 L.Ed.2d 530 (1966); Dixon v. State of Maryland, 261 F.Supp. 746 (D.Md.1966). In view of the pending state criminal proceeding, it would be inappropriate for this Court to take such action regarding plaintiff's allegations.