Lonnie MASSEY, Appellant,

v.

Quinton SMITH, Special Agent, Federal Bureau of Investigation, Appellee.

No. 77–1065.

United States Court of Appeals, Eighth Circuit.

Submitted May 23, 1977.

Decided May 25, 1977.

Lonnie Massey, pro se.

Wilbur H. Dillahunty, U. S. Atty., and Walter G. Riddick, Jr., Asst. U. S. Atty., Little Rock, Ark., on brief, for appellee.

Before HEANEY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

Lonnie A. Massey, an inmate at Cummins, appeals from the dismissal of his civil rights complaint for failure to state a claim.

On January 4, 1977, Massey filed a complaint styled "Petition for a criminal indictment against an agent of the F.B.I. * * under 1985(3) title 42 U.S.C." The sole named defendant was Quinton Smith, an FBI agent. Massey alleged that Smith had conspired to subject him to cruel and unusual punishment. Specifically, Massey alleged that he wrote a letter to the Little Rock FBI office in December 1975 stating that he had been beaten and threatened by corrections officers and asking for the FBI's help; that Agent Smith visited him in February 1976, took a statement from him, and told him that the statement would be forwarded to the Justice Department and that charges would be brought against the officers; and that in April 1976 the officers named in Massey's statement placed him in the hole, beat him, showed him the statement he had given Smith and told him that they would beat him to death if he gave any more statements against them and that it would do no good to write to the FBI since Smith would give them any statements made against them. As relief, Massey asked that the court grant his petition, order an investigation into Smith's action, and grant what other relief the court feels Massey is entitled to.[1]

The district court dismissed the complaint for failure to state a claim, stating that Massey had failed to allege any class-based animus, which is an element of a § 1985(3) cause of action. The court also noted that Massey was aware of the availability of § 1983 to redress constitutional deprivation such as the alleged beating, in that he has filed such actions on several occasions.[2] This appeal followed.

It is well settled that some class-based animus must be alleged to state a claim under § 1985(3). *See, e. g., Griffin v. Breckenridge,* 403 U.S. 88, 101–02, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *McNally v. Pulitzer Pub. Co.,* 532 F.2d 69, 74–75 (8th Cir.), *cert. denied,* 429 U.S. 855, 97 S.Ct. 150, 50 L.Ed.2d 131 (1976). Massey makes no such allegations. Accordingly, the district court properly held that his complaint fails to state a claim under § 1985(3).

In view of the fact that the only relief expressly sought by Massey is that Agent Smith be indicted or investigated, we also agree that there is no other provision of federal law under which Massey's complaint states a claim. The authority to decide against whom federal indictments shall be sought lies almost exclusively with the United States Attorneys or the Justice Department, and their decisions in this regard are not generally subject to judicial review.[3] *See Inmates of Attica Correctional Facility v. Rockefeller,* 477 F.2d 375 (2d Cir. 1973); *Johnson v. McNary,* 414 F.Supp. 684, 688 (E.D.Mo.1975). Moreover, no prosecuting officials have been named as defendants in this action. Finally, there may be cases in which it is appropriate for the district court to "refer papers to the United States Attor-

---

1. Attached to the complaint was an affidavit from another prisoner, detailing similar actions of Agent Smith.

2. The court also noted a number of other defects in Massey's complaint: that § 1985(3) is not a criminal statute, that Massey's *in forma pauperis* affidavit was not notarized, and that the complaint could be viewed as failing to adequately allege a conspiracy.

3. The chief exception is where it is alleged that the prosecutor's discretion is being discriminatorily exercised on the basis of race, religion, etc. *See, e. g., United States v. Alarik,* 439 F.2d 1349 (8th Cir. 1971). Massey alleges no such discrimination here.

ney, or direct that available evidence be presented to a federal grand jury." *Johnson v. McNary, supra,* 414 F.Supp. at 688. Massey, however, does not allege that he has made any attempt to bring his complaints to the attention of the appropriate prosecuting officials. Accordingly, at least on the facts alleged, this case does not warrant any judicial interference with the prosecutorial function.

Were Massey seeking damages or injunctive relief, it could be argued that his complaint would state a claim under § 1983 or under *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). However, Massey does not raise these issues and his prior litigation history[4] indicates that he is aware of the rights and remedies available to him under federal law.

The district court judgment is affirmed without prejudice to the right of Massey to refile his complaint in district court under the proper statute and theory as to the subject matter raised in this case.

4. *Massey v. Lockhart,* 547 F.2d 1172 (8th Cir. 1976) (unpublished); *Massey v. Garner,* No. 76–1620 (8th Cir., Dec. 17, 1976) (unpublished);

*Massey v. Hutto,* 545 F.2d 45 (8th Cir. 1976) (3 consolidated cases).