**S. J. GROVES & SONS COMPANY, a Minnesota Corporation, Plaintiff,**

v.

**AMERICAN ARBITRATION ASSOCIATION, a New York Corporation, Defendant.**

No. Civ. 4–78–85.

United States District Court,
D. Minnesota,
Fourth Division.

June 12, 1978.

Jon G. Sarff, Minneapolis, Minn., for plaintiff.

Wm. C. Mortensen, Lindquist & Vennum, Minneapolis, Minn., for defendant.

## MEMORANDUM & ORDER

DEVITT, Chief Judge.

Plaintiff has sued defendant American Arbitration Association for an allegedly arbitrary and capricious venue decision made by the Association in an arbitration proceeding to which the plaintiff is a party. Defendant has brought the present motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim for which relief can be granted. Defendant's motion is granted and this case is dismissed.

For purposes of this motion the pertinent facts are as follows. Plaintiff herein is the defendant in an arbitration proceeding involving a contract dispute with a Mr. Fred Salisbury. That underlying dispute between Salisbury and plaintiff is for slightly in excess of $10,000. Pursuant to the contract the dispute was brought before the defendant American Arbitration Association for resolution. The Association determined the arbitration proceeding should take place in Salt Lake City, Utah, where the events leading to the dispute occurred, rather than in Minnesota as plaintiff requested. Plaintiff brought this action to contest the Association's venue decision, claiming the decision violates the federal arbitration act, 9 U.S.C. § 10 (1970), and the Association's own venue rules. This suit is not technically brought as an appeal, but rather plaintiff is suing the Association directly for abuse of discretion and has not joined Mr. Salisbury as a party.

Defendant asserts that plaintiff's claim must be dismissed for lack of subject mat-

ter jurisdiction and for failure to state a claim. Plaintiff in its pleadings and motion papers sets forth four bases for subject matter jurisdiction: (1) under the federal arbitration act; (2) under 42 U.S.C. § 1985(3) and 28 U.S.C. § 1343(4); (3) federal question jurisdiction pursuant to 28 U.S.C. § 1331; and (4) diversity jurisdiction.

■■ Jurisdiction is proper under the federal arbitration act, argues plaintiff, because section 10 of that act permits a United States court in certain circumstances to vacate an arbitration award that is subject to the act. Plaintiff also asserts that the arbitration act is an independent source of jurisdiction under 28 U.S.C. § 1337, since it is an act "regulating commerce." These jurisdictional claims have some facial merit, but they simply ignore the overwhelming weight of the case law. The rule accepted in the Eighth Circuit and elsewhere is that the federal arbitration act is not an independent source of federal subject matter jurisdiction; subject matter jurisdiction must exist through a source other than the arbitration act. *See Collins Radio Co. v. Ex-Cell-O Corp.*, 467 F.2d 995, 996 n. 1 (8th Cir. 1972); *Local 1416, Int'l Ass'n of Machinists v. Jostens, Inc.*, 250 F.Supp. 496, 499 n. 5 (D.Minn.1966); 13 C. Wright & A. Miller, *Federal Practice and Procedure* § 3569 (1975). Consequently, the federal arbitration act does not bestow subject matter jurisdiction upon this court.

■ 42 U.S.C. § 1985(3) and its jurisdictional counterpart, 28 U.S.C. § 1343(4), are equally inapposite in this case and do not give this court subject matter jurisdiction. A § 1985(3) claim requires a showing of a conspiracy to deprive a person of a basic constitutional right, motivated by class-based, invidiously discriminatory animus. *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *Massey v. Smith*, 555 F.2d 1355, 1356 (8th Cir. 1977). The use of a § 1985(3) theory in the present case is a complete mystery to this court; it is an entirely frivolous claim and thus cannot be the basis by which this court can assume subject matter jurisdiction. *Bell v. Hood*, 327 U.S. 678, 682–83, 66 S.Ct. 773, 90 L.Ed. 939 (1946); *Girardier v. Webster College*, 563 F.2d 1267, 1270 (8th Cir. 1977).

■■ The third asserted basis for subject matter jurisdiction is federal question jurisdiction pursuant to 28 U.S.C. § 1331 (1970). Plaintiff claims this case arises under the federal arbitration act and under the fifth amendment. As discussed above, however, the federal arbitration act cannot be looked to as a source of jurisdiction; federal question jurisdiction must arise from a constitutional provision or a federal statute other than the federal arbitration act. *Litton FCS, Inc. v. Pennsylvania Turnpike Comm'n*, 376 F.Supp. 579, 585 (E.D.Pa.1974), *aff'd*, 511 F.2d 1394 (3d Cir. 1975). Plaintiff's Fifth Amendment claim, apparently based on an alleged violation of its procedural due process rights, is of the same frivolous nature as the § 1985(3) conspiracy claim. The defendant is a private arbitration association whose services the plaintiff voluntarily agreed to utilize; defendant was not acting, as far as the court can ascertain, in a governmental or quasi-governmental capacity, and thus any defects in its proceedings could not result in a due process deprivation. *E.g., National Fed. of Ry. Workers v. National Mediation Bd.*, 71 App.D.C. 266, 274, 110 F.2d 529, 537, *cert. denied*, 310 U.S. 628, 60 S.Ct. 975, 84 L.Ed. 1399 (1940). Therefore, the Fifth Amendment claim is frivolous and cannot support an assertion of federal question jurisdiction. *Bell v. Hood, supra.*

The final alleged source of subject matter jurisdiction is diversity of citizenship. There is no dispute that the parties are citizens of different states; the only question concerns the amount in controversy.

■ The arbitration dispute between plaintiff and Mr. Salisbury involves slightly more than $10,000. However, that figure is not the proper one for determining whether the amount in controversy requirement is satisfied. This action must be distinguished from one to compel arbitration, where the amount of the underlying arbitration claim determines the amount in controversy. *See Davenport v. Procter & Gamble Mfg. Corp.*,

241 F.2d 511, 513–14 (2d Cir. 1957). In the latter situation the suit is between the same parties as the arbitration proceeding and the motion to compel arbitration is merely the first step toward ultimate recovery of the amount at issue in the arbitration proceeding. However, in the present case the parties are not the same as those in arbitration and the issue is not whether to arbitrate but where to arbitrate. Thus, the specific right sought to be gained is merely to arbitrate in Minnesota rather than Utah, and it is with regard to this right that the amount in controversy must be calculated. See, e. g., Hedberg v. State Farm Mut. Automobile Ins. Co., 350 F.2d 924, 928 (8th Cir. 1965); Bishop Clarkson Memorial Hosp. v. Reserve Life Ins. Co., 350 F.2d 1006, 1008 (8th Cir. 1965).

The amount in controversy in the present action therefore is the additional expense to the plaintiff if the proceeding occurs in Utah. Plaintiff claims this total will exceed $10,000 because of alleged expenses from hiring Utah counsel, Utah accountants, living expenses of corporate officials who must attend the proceedings, and travel expenses. Plaintiff's estimate places these additional expenses at over $13,000. This court is wary of accepting these estimates, however, for it questions the reasonableness of the estimated additional attorney's and accountant's fees. See 14 Wright & Miller, supra, at § 3712. Plaintiff has indicated it will spend $30,000 if necessary to defend the $10,000 arbitration action, which strongly indicates its estimated expenses are not reasonable. Because the underlying arbitration claim barely exceeds $10,000, the court finds incredible plaintiff's assertion that its increased expenses from arbitrating in Utah would exceed $10,000; it simply would be unreasonable to spend substantially more than the worth of the suit to defend the suit, which is the premise of plaintiff's estimate of the amount in controversy. Since any unreasonable expenses and fees should not be considered, id., the amount in controversy appears to a legal certainty to be less than $10,000.

Even if this court had jurisdiction over this action, the plaintiff does not appear to have stated a cause of action against defendant. Besides the spurious § 1985(3) and due process claims discussed above, the only other basis for plaintiff's requested relief is under § 10 of the federal arbitration act, which allows a federal court to overturn an arbitrator's award when, inter alia, it is arbitrary and capricious. E. g., Swift Ind., Inc. v. Botany Ind., Inc., 466 F.2d 1125, 1131 (3d Cir. 1972). The present action, however, does not seek to overturn an arbitrator's award, but rather is in effect an interlocutory appeal from the arbitration proceedings. No authority has been cited to approve this attempted interlocutory appeal and the federal arbitration act does not provide for such an appeal. This court is of the opinion that such appeals should not be allowed except in exceptional circumstances to prevent a grave injustice. Aerojet-Gen'l Corp. v. American Arbitration Ass'n, 478 F.2d 248, 251 (9th Cir. 1973). As the Aerojet court so aptly observed, "judicial review prior to the rendition of a final arbitration award should be indulged, if at all, only in the most extreme cases." Id. To adopt a different rule would only serve to frustrate the basic purpose of arbitration: the speedy and efficient resolution of disputes without the expense of court proceedings. The present action illustrates well the effect of allowing an interlocutory appeal. By coming to district court at this time, the plaintiff, who is the defendant in the arbitration action, has added and if permitted would continue to add needless expense to the resolution of the underlying dispute, as well as significantly delaying the arbitration proceeding. Because plaintiff has not alleged the necessary exceptional circumstances indicating a grave injustice will result, a cause of action has not been stated and the case must be dismissed. Defendant's motion is GRANTED.