**J. E. SIEBEN CONSTRUCTION COMPANY, INC., Plaintiff,**

**v.**

**CITY OF DAVENPORT, IOWA, and Warren and VanPraag, Inc., Defendants.**

**Civ. No. 80–28–D–2.**

United States District Court,
S. D. Iowa,
Davenport Division.

Aug. 18, 1980.

M. T. Fabyanske, Briggs & Morgan, St. Paul, Minn., R. Richard Bittner, Robert D. Lambert, Davenport, Iowa, for plaintiff.

John J. Carlin & Celeste F. Bremer, Davenport, Iowa, for defendant City of Davenport.

Ira J. Melaas, Jr., Wingard, Schultz, Shearer & Melaas, Rock Island, Ill., for defendant Warren & VanPraag.

## RULINGS ON MOTION TO DISMISS AND OTHER MOTIONS

VIETOR, District Judge.

This suit is brought under 9 U.S.C. § 4 to compel arbitration under a construction contract.[1] The court has before it motions to dismiss filed by defendants Warren and VanPraag, Inc. and the city of Davenport and plaintiff's motions to amend and to drop defendant Warren and VanPragg. The city of Davenport's motion to dismiss is the only motion that has been resisted.

Plaintiff's motion to drop defendant Warren and VanPraag is sustained, and therefore the motion to dismiss filed by that defendant is now moot. Because no responsive pleading has yet been filed, plaintiff may amend its complaint without leave of court. *See* Fed.R.Civ.P. 15(a).

Defendant city of Davenport seeks dismissal of the complaint for lack of subject matter jurisdiction, asserting that plaintiff has not pleaded sufficient facts to confer diversity jurisdiction under 28 U.S.C. § 1332. The court does not agree. The amended complaint is in conformity with Form 2, Appendix of Forms, Fed.R.Civ.P., which, by operation of Fed.R.Civ.P. 84, is sufficient. (Any defects of the complaint relative to Warren and VanPraag have been cured by that defendant's dismissal from this action.)

■ The defendant city also challenges the amount in controversy which places the burden on plaintiff to establish the jurisdictional amount by competent proof. *Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S.Ct. 673, 675, 86 L.Ed. 951 (1942); *Euge v. Trantina*, 422 F.2d 1070, 1073 (8th Cir. 1970). Plaintiff has adequately demonstrated, by way of affidavit and exhibits, that the requisite jurisdictional amount is present. The exhibits show that plaintiff is seeking arbitration on a claim for additional compensation in an amount exceeding two million dollars. In an action to compel arbitration, the amount of the underlying claim determines the amount in controversy. *S. J. Groves & Sons v. American Arbitration Ass'n*, 452 F.Supp. 121, 123 (D.Minn.1978). It does not appear to a legal certainty that the jurisdictional amount is lacking. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938); *Buffington v. Amchem Products, Inc.*, 489 F.2d 1053, 1056 (8th Cir. 1974).

The defendant city also contends that plaintiff has failed to state a claim upon which relief can be granted because the city of Davenport is a special charter city under Iowa Code Chapter 420 and plaintiff has failed to comply with Iowa Code § 420.44, which provides:

> No suit shall be brought against any such city for any unliquidated claim or demand unless within three months from the time the same became due or cause of action accrued thereon, nor unless a written, verified statement of the general nature, cause, and amount of same is filed with the clerk or recorder thirty days before the commencement of such suit.

■ The court concludes that plaintiff need not comply with the notice statute because its suit, which is for an arbitration order under 9 U.S.C. § 4, is not a suit "for any unliquidated claim or demand." I do not believe that plaintiff's suit falls within the liquidated-unliquidated dichotomy because it is not one seeking recovery of money, *see* 25 Words and Phrases, 542–49, 552–55, 587–90 (perm. ed.), and 43A Words and Phrases, 12–18, 22–23 (perm. ed.); but if it does fall within that dichotomy it falls on the liquidated side because the relief sought, arbitration, is ascertained, determined, fixed, settled, made clear or manifest. Black's Law Dictionary 838 (5th ed.

---

1. 9 U.S.C. § 4 provides in pertinent part:

   A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

1979). The underlying claim giving rise to plaintiff's arbitration demand is, of course, unliquidated, but that claim is not itself the matter in controversy in this lawsuit. Plaintiff's demand is only for arbitration, and that is not "unliquidated."

Because plaintiff's claim is not subject to the notice requirements of Iowa Code § 420.44, other issues raised and briefed in respect to the section 420.44 issue need not be, and are not, decided.

Defendant city of Davenport's motion to dismiss is overruled.