Gary HAMBELL and Hollis Hambell, Plaintiffs,

v.

ALPHAGRAPHICS FRANCHISING INC., an Arizona Corporation, and Alphagraphics, Inc., an Arizona Corporation, Defendants.

No. 91–CV–76600.

United States District Court, E.D. Michigan, S.D.

Dec. 26, 1991.

Michael P. Malley, Malley & Brown, Ann Arbor, Mich., for plaintiffs.

Richard M. Selik, Lynn Richardson, Finkel, Whitefield & Selik, Farmington Hills, Mich., Marc P. Seidler, John F. Verhey, Rudnick & Wolfe, Chicago, Ill., for defendants.

## OPINION AND ORDER

FEIKENS, District Judge.

Plaintiffs, owners of an Alphagraphics franchise, filed suit in Michigan state court seeking an injunction to prevent an arbitration proceeding filed with the American Arbitration Association ("AAA") by defendants from proceeding in Arizona. The Honorable Ross Campbell of the Washtenaw County Circuit Court entered an *ex parte* temporary restraining order ("TRO") halting the Arizona arbitration proceeding. Defendants removed the action to federal court based on diversity jurisdiction and immediately filed a motion to dissolve the TRO. At the December 9, 1991 hearing on defendants' motion, plaintiffs moved for remand. Those two motions are now before me. In addition, the parties have agreed that in the event that I conclude that this action was properly removed and that the TRO ought to be dissolved, I proceed to determine the validity of the provision in the franchise agreement requiring that all arbitration proceedings be conducted in Tucson, Arizona under Michigan law.

For the reasons set forth below, I DENY plaintiffs' motion to remand, GRANT defendants' motion to dissolve the temporary restraining order and DECLARE that the provision in the franchise agreement requiring that all arbitrations be conducted in Tucson, Arizona is void and unenforceable pursuant to Michigan law.

## BACKGROUND

Gary and Hollis Hambell ("plaintiffs") entered into a franchise agreement ("agreement") with Alphagraphics Inc. and Alphagraphics Franchising, Inc. ("defendants") in February 1987, to operate an Alphagraphics store in Ann Arbor, Michigan. The agreement provides that any arbitration proceedings between the parties are to be conducted in Tucson, Arizona under the auspices of AAA. By the time they signed the agreement, defendants had provided plaintiffs with a "Notice Required By the State of Michigan" ("Notice"), which listed the provisions of the agreement unenforceable under Michigan law. The clause providing that any arbitration take place in Tucson is among those provisions listed as unenforceable in Michigan.

A dispute arose between the parties regarding the operation of the Ann Arbor Alphagraphics franchise, and in August 1991, defendants filed a demand for arbitration in the Phoenix, Arizona regional office of AAA. Defendants requested that the arbitration take place in Tucson, on the basis of the agreement. Plaintiffs requested a redetermination of the arbitration locale, arguing that the provision setting forth Tucson as the arbitration location was invalid. AAA reaffirmed the Tucson locale.

Plaintiffs then sought refuge in the Michigan state courts, filing suit for injunctive relief in the Washtenaw County Circuit Court. There, plaintiffs were granted an *ex parte* TRO prohibiting the parties or AAA from taking any action in furtherance of the Tucson arbitration proceeding. Defendants removed plaintiffs' state court action to federal court and immediately filed a motion to dissolve the TRO. At the December 9, 1991 hearing on defendants' motion, plaintiffs moved for remand. Those two motions are now before me along with the parties' request that, in the event I conclude that this action was properly removed and that the TRO ought to be dissolved, I proceed to determine the validity of the arbitration location provision in their franchise agreement under Michigan law.

## ANALYSIS

### 1. *Plaintiffs' Motion for Remand*

Federal courts have removal jurisdiction over any action that could properly have been brought in federal court in the first instance. 28 U.S.C. § 1441. Thus, where there is complete diversity of citizenship among the parties, an action may be removed from state court if the amount in controversy exceeds $50,000. 28 U.S.C. § 1332. Defendants removed this action asserting complete diversity among the parties and an amount in controversy substantially in excess of $50,000. Defendants base this valuation on the amount sought in the underlying arbitration, an amount in excess of $700,000. Plaintiffs do not dispute that there is complete diversity of citizenship among the parties. However, plaintiffs argue that the purely equitable nature of the relief sought by their state court complaint renders the action inherently incapable of meeting the amount in controversy requirement. I disagree.

■ Actions involving purely equitable relief may be removed as long as the value of the right at issue, or the extent of the injury to be prevented, exceeds $50,000. *See, e.g., Goldsmith v. Sutherland,* 426 F.2d 1395 (6th Cir.1970). Where the action is one to enforce arbitration, courts determine the amount in controversy by looking through to the amount of the possible award in the underlying arbitration. *See, e.g., Davenport v. Procter & Gamble Mfg. Co.,* 241 F.2d 511 (2d Cir.1957); *In re Marcy Lee Mfg. Co.,* 354 F.2d 42 (2d Cir.1965); *State Farm Mutual Automobile Ins. Co. v. Schambelan,* 738 F.Supp. 926 (E.D.Pa. 1990); *J.E. Sieben Construction Co., Inc. v. Davenport,* 494 F.Supp. 1035 (S.D.Iowa 1980). Similarly, the United States Court of Appeals for the Third Circuit has held that a petition to appoint a neutral arbitrator was removable since the underlying arbitration involved a dispute in excess of the jurisdictional amount. *Manze v. State Farm Ins. Co.,* 817 F.2d 1062 (3d Cir.1987). In determining whether the jurisdictional limitation is met, courts may evaluate the amount in controversy taking into account the interests of both parties. *Melkus v.*

*Allstate Ins. Co.,* 503 F.Supp. 842 (E.D.Mich.1980).

■ Plaintiffs' state court complaint is properly characterized as an action to prevent the enforcement of certain provisions of the parties' arbitration agreement. As such, for the purpose of determining the value of the action it is most analogous to a motion to compel arbitration. Thus, it is appropriate to look through that complaint to the value of the underlying arbitration. Defendants assert and present papers filed in the arbitration action establishing that the value of the underlying arbitration exceeds $700,000. Plaintiffs present nothing to refute this assertion. Therefore, based on the $700,000 at issue in the arbitration action plaintiffs sought to have enjoined in state court, I find that the amount in controversy substantially exceeds the jurisdictional requirement and that this action was properly removed. To find otherwise would be to exalt form over substance without any justification for so doing. Thus, I DENY plaintiffs' motion to remand.

### 2. *Defendants' Motion to Dissolve the TRO*

Plaintiffs obtained an *ex parte* TRO in state court without notice to defendants. Defendants argue that the TRO was improperly granted and should be dissolved because there was no showing of irreparable injury or that plaintiffs were likely to prevail on the merits. More persuasively, defendants argue that the TRO was improperly granted because plaintiffs did not make a sufficient showing that notice to defendants was not required. I agree.

■ Michigan Court Rule 3.310(B)(1) provides, in relevant part, that a TRO may be issued without notice to the adverse party or its attorney *only if:*

a) it clearly appears from specific facts shown by affidavit or by a verified complaint that immediate and irreparable injury, loss or damage will result to the applicant from the delay required to effect notice or from the risk that notice will itself precipitate

adverse action before an order can be issued;

b) the applicant's attorney certifies to the court in writing the efforts, if any, that have been made to give notice and the reasons supporting the claim that notice should not be required....

Thus, to be entitled to an *ex parte* TRO, plaintiffs are required to present sworn statements setting forth specific facts establishing that they would suffer irreparable harm during the time it took to notice defendants and hold a hearing. They clearly are unable to make such a showing. The TRO sought to stop further action in the arbitration proceeding. At this point, however, the arbitrators have not even been chosen by the parties. Thus, the earliest the arbitration could possibly take place would be January 1992. Further, there is nothing that defendants could have done, upon being notified of a TRO hearing, to accelerate the arbitration process without plaintiffs' consent. Given that plaintiffs' motion for the TRO was filed in state court in November, there was ample opportunity to notice defendants and hold a hearing without inflicting irreparable injury on plaintiffs. The only damages plaintiffs could possibly have suffered in the interval between the filing of their motion and a hearing on that motion is the time and expense involved in selecting arbitrators, which would be compensable by money damages. Therefore, I find that the *ex parte* TRO was erroneously granted and I GRANT defendants' motion to dissolve it.

### 3. *The Validity of the Arbitration Location Provision*

■ Given my rulings on the motions as set forth above, I shall now make a declaratory ruling on the validity of the arbitration location provision of the agreement under Michigan law, in accordance with the parties' request.

Michigan law provides that a provision in a franchise agreement requiring that arbitration or litigation be conducted outside this state is void and unenforceable, provided that "this shall not preclude the franchisee from entering into an agreement, *at the time of arbitration,* to conduct arbitra-

tion at a location outside this state." M.C.L.A. § 445.1527(f) (emphasis added). This provision is clear and unequivocal. It invalidates a provision in a franchise agreement requiring that arbitration take place in a specific locale outside the State of Michigan. Thus, the provision in the agreement that arbitration shall be conducted in Tucson, Arizona is void and unenforceable.

Defendants consented to abide by Michigan's statutory limitations when they undertook to sell franchises in Michigan and acted in accordance therewith. In fact, they explicitly recognized that any agreement as to the location of potential arbitration proceedings with plaintiffs was void and unenforceable and gave plaintiffs explicit written notice of this. That Notice provided:

> "IF ANY OF THE FOLLOWING PROVISIONS ARE IN THESE FRANCHISE DOCUMENTS, THE PROVISIONS ARE VOID AND CANNOT BE ENFORCED AGAINST YOU ... F) A PROVISION REQUIRING THAT ARBITRATION OR LITIGATION BE CONDUCTED OUTSIDE [MICHIGAN]".

Defendants cannot now be heard to argue that such provision should or can be enforced to require that arbitration take place in Tucson, Arizona.

For the foregoing reasons, I DENY plaintiffs' motion to remand this matter back to state court, GRANT defendants' motion to dissolve the temporary restraining order and DECLARE that the provision in the franchise agreement providing that any arbitration proceeding between the parties be held in Tucson, Arizona is void and unenforceable pursuant to Michigan statutory law.

IT IS SO ORDERED.