Opinion
filed October 13, 2010, withdrawn; Petition for Writ of Mandamus Conditionally
Granted and Opinion filed October 21, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00538-CV



 

In Re Aker Kvaerner|IHI,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS



OPINION

On June 17, 2010, relator, Aker Kvaerner|IHI, filed a
petition for writ of mandamus in this Court.  See Tex. Gov’t Code Ann. §
22.221 (Vernon 2004); Tex. R. App. P. 52.  In the petition, relator asks this
Court to compel the Honorable Dion Ramos, presiding judge of the 55th District
Court of Harris County, to set aside the trial court’s May 13, 2010 order
directing the parties to arbitrate in Houston, Texas.  We conditionally grant
the petition.  

Background

Relator and real party in interest, Bay Ltd., entered
into a subcontract (the “Agreement”) for the construction of a processing
facility in Cameron Parish, Louisiana, in which relator was the contractor.  The
owner of the project was Cameron LNG, LLC (“Cameron”).

The Agreement provided for arbitration of any
disputes between relator and Bay with the arbitration to take place in Houston,
Texas.  However, the Agreement also contemplated that such claims could be
consolidated with any disputes also involving Cameron.

After a dispute arose between relator and Bay, Bay
initiated arbitration with the American Arbitration Association against relator
in Texas on June 26, 2007 (the “Texas arbitration”).  Subsequently, in December
2007, relator initiated arbitration against Cameron in San Diego, California,
pursuant to its contract with Cameron (the “California arbitration”).  Relator added
Bay to that arbitration proceeding, notwithstanding the pending Texas
arbitration, pursuant to the consolidation provision in the Agreement.  The AAA
issued a consolidation order on April 13, 2009, directing that Bay be joined as
a party to the California arbitration, and that Bay’s claims be consolidated in
the California arbitration.  

On June 2, 2009, Bay and relator settled part of
their dispute and dismissed the Texas arbitration, but agreed to arbitrate the remaining
claims in the California arbitration.  Relator and Cameron subsequently settled
their dispute in mediation and, on August 31, 2009, Cameron was dismissed from
the California arbitration.  Relator notified Bay that it intended to proceed
with arbitration of Bay’s claims in San Diego.  

            Bay
responded with a motion to dismiss the California arbitration, on September 18,
2009, and requested that the claims be transferred to the Dallas AAA office.  Subsequently,
on September 25, 2009, Bay filed an original petition for declaratory judgment
in the trial court arguing that, with the dismissal of Cameron from the
California arbitration, the arbitration of the claims should take place in
Houston. 

            On
February 12, 2010, Bay filed a motion to compel arbitration requesting that the
trial court order the arbitration to take place in Houston.  The trial court
held a hearing on Bay’s motion to compel on March 1, 2010, and granted the
motion by way of a March 2, 2010 order, but the order did not explicitly specify
the location of the arbitration.  Bay informed the AAA of the trial court’s
March 2, 2010 order, and relator filed a motion for rehearing and/or motion to
clarify the March 2, 2010 order.  

            The
AAA requested on March 19, 2010, that the parties submit “locale contentions”
so that it could make its locale determination.  On April 16, 2010, the AAA issued
its order that the arbitration “hearings will be held in San Diego, CA.”  

            After
the AAA issued its locale order, Bay filed a motion to clarify the March 2,
2010 order.  On May 13, 2010, the trial court signed a new order conflicting
with the AAA’s locale order, directing that the arbitration take place in
Houston.  

On
May 17, 2010, the AAA reversed itself and notified the parties, that the arbitration
hearings would take place in Houston in accordance with the trial court’s May
13, 2010 order.  Relator then filed this original proceeding seeking to set
aside the trial court’s May 13, 2010 order.  

Standard of Review

            To
be entitled to the extraordinary relief of a writ of mandamus, the relator must
show that the trial court abused its discretion and there is no adequate remedy
by appeal.  In re Laibe Corp., 307 S.W.3d 314, 316 (Tex. 2010) (orig.
proceeding) (per curiam).  A trial court abuses its discretion if it reaches a
decision so arbitrary and unreasonable as to constitute a clear and prejudicial
error of law, or if it clearly fails to correctly analyze or apply the law.  In
re Columbia Med. Ctr. of Las Colinas, 306 S.W.3d 246, 248 (Tex. 2010)
(orig. proceeding) (per curiam); In re Cerberus Capital Mgmt., L.P., 164
S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam).  In determining
whether appeal is an adequate remedy, we consider whether the benefits outweigh
the detriments of mandamus review.  In re BP Prods. N. Am., Inc., 244
S.W.3d 840, 845 (Tex. 2008) (orig. proceeding).  

Analysis

            Relator
argues that the trial court does not have jurisdiction to change the locale of
the arbitration of the claims as determined by the AAA.  At oral argument, Bay
conceded that the May 13, 2010 order is unenforceable.  We agree.  

            The
Federal Arbitration Act (“FAA”) is part of the substantive law of Texas.  Capital
Income Props.-LXXX v. Blackmon, 843 S.W.2d 22, 23 (Tex. 1992) (orig.
proceeding) (per curiam).[1] 
If the FAA applies, as here, a trial court does not have the power to review any
interlocutory ruling by an arbitration panel.  Michaels v. Mariforum
Shipping, S.A., 624 F.2d 411, 414 (2d Cir. 1980).  Instead, it is only after
an award has been made by the arbitrators that a party can seek to attack any
of the arbitrators’ determinations in court, by moving either to vacate the
award, or to modify or correct it.  Id.  Accordingly, until an award has
been made, a court is simply without authority to review the validity of
arbitrators’ interlocutory rulings.  Id.  

This
case had not yet progressed to the stage of a “final” award at the time of the
trial court’s May 13, 2010 order.  Before an arbitration order may be considered
“final,” the arbitrators must have intended for the award to represent their
complete determination of all claims submitted to them.  Id. at 413.  An
interlocutory AAA ruling does not meet this standard; therefore, such a ruling,
including a locale determination, is not subject to judicial review.  Aerojet-Gen.
Corp. v. Am. Arbitration Ass’n, 478 F.2d 248, 251 (9th Cir. 1973); S.J.
Groves & Sons Co. v. Am. Arbitration Ass’n, 452 F. Supp. 121, 124 (D.
Minn. 1978); Conestoga Title Ins. Co. v. Acoustic Home Loans, LLC, No.
1:06-CV-1636, 2007 WL 1058228, at *2 (S.D. Ind. Apr. 5, 2007).  

Moreover,
under the rules of the AAA by which the parties agreed to be bound, the
arbitrators’ decision on locale is considered final and binding.  Specifically,
Rule R-11 of the Construction Industry Arbitration Rules—the rules applicable
to the underlying arbitration proceeding—states with regard to “Fixing of
Locale”:

The parties may mutually agree on the locale where the
arbitration is to be held.  If any party requests that the hearing be held in a
specific locale and the other party files no objection thereto within fifteen
calendar days after notice of the request has been sent to it by the AAA, the
locale shall be the one requested.  If a party objects to the locale requested
by the other party, the AAA shall have the power to determine the locale, and its
decision shall be final and binding.

(Emphasis added).

            In
light of the AAA’s decision to reverse its determination of the arbitration’s
locale “[i]n accordance with the submitted revised Court order of May 13th,” it
is appropriate for relator to seek to set aside that order.  In that regard,
relator points to, among other things, correspondence in which Bay threatens
that a failure to comply with the trial court’s order as to the required venue
for the arbitration could result in a request for contempt.[2] 


            Having
determined that the trial court abused its discretion by interfering with an
interlocutory ruling by the AAA, we must determine whether relator has an
adequate remedy by appeal.  “[Mandamus] will issue when the failure to do so
would vitiate and render illusory the subject matter of an appeal.”  Jack B.
Anglin Co. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).  

Any
appeal after the conclusion of the arbitration would vitiate relator’s right to
have the AAA decide the locale issue.  To allow judicial intervention prior to
the final award would contravene the fundamental policy of deference to
contractual dispute resolution, and would interfere with the purpose of arbitration: 
the speedy resolution of grievance without the time and expense of court
proceedings.  Millmen Local 550 v. Wells Exterior Trim, 828 F.2d 1373,
1375 (9th Cir. 1987).[3]
 Therefore, relator does not have an adequate remedy by appeal.  

Conclusion

We conclude that the trial court abused its
discretion by ordering the parties to arbitrate their dispute in Houston and otherwise
usurping the decision-making authority of the AAA, and relators do not have an
adequate remedy by appeal.  Accordingly, we conditionally grant the petition
for writ of mandamus and direct the trial court to vacate its May 13, 2010
order.  The writ will issue only if the trial court fails to act in accordance
with this opinion.

 

                                                                                    

                                                                        /s/        Kent
C. Sullivan

                                                                                    Justice

 

 

Panel consists of Justices Brown,
Sullivan, and Christopher.

 









[1] Bay does
not dispute that the FAA is applicable to the underlying arbitration
proceeding.  





[2] Bay
stated in a letter to the AAA that “AK|IHI’s admonishment to the AAA that it
should not proceed with setting the locale or with appointment of arbitrators
is equally misguided, and borders on encouraging inaction in contempt of a
court order.  If AK|IHI intends to appeal the Court’s order, that does not
justify further delays on this nearly three year old proceeding. . . . [Bay]
asks that [the] AAA comply with the Court’s order and proceed with
arbitrator selection for a panel to arbitrate this dispute in Texas.” (Emphasis
added).  





[3] See
also Michaels, 624 F.2d at 414 (“Most of the advantages inherent in
arbitration are dissipated by interlocutory appeals to a district court.”); Collins
v. Tex Mall, L.P., 297 S.W.3d 409, 417 (Tex. App.—Fort Worth 2009, no pet.)
(“Subjecting partial awards to judicial review would require the trial courts
to hold themselves open as appellate tribunals during on-going arbitration
proceedings, resulting in a waste of time, the interruption of the arbitration
proceedings, and delaying tactics in a proceeding that is supposed to produce a
speedy decision.”).