**In the Matter of the Arbitration between MARINE TRADING LIMITED, Petitioner,**

**v.**

**NAVIERA COMMERCIAL NAYLAMP S.A., Respondent.**

**No. 94 Civ. 8121 (LAK).**

United States District Court, S.D. New York.

March 22, 1995.

Jack A. Greenbaum, Healy & Baillie, New York City, for petitioner.

### MEMORANDUM AND ORDER

KAPLAN, District Judge.

Petitioner, a Bahamian corporation, moves to confirm an arbitration award rendered on October 31, 1994 against respondent, a Peruvian corporation. The pertinent documents were mailed to respondent in Peru, but there is no proof of receipt. Respondent failed to appear. The issue is whether the petition should be granted.[1]

#### Discussion

#### Subject Matter Jurisdiction

Petitioner moves to confirm the arbitration award under the Federal Arbitration Act (the "Arbitration Act"), 9 U.S.C. § 1 *et seq.* The Arbitration Act does not constitute an independent grant of jurisdiction to the federal courts. Therefore, a party seeking remedies under the Arbitration Act in a federal court must establish an independent basis for subject matter jurisdiction. *General Atomic Co. v. United Nuclear Corp.,* 655 F.2d 968, 969 (9th Cir.1981), *cert. denied,* 455

---

1. The Court issued a Memorandum and Order on January 24, 1995 inviting the petitioner to address a number of questions concerning the Court's jurisdiction over the subject matter and over the respondent. Petitioner responded by letter dated February 10, 1995.

U.S. 948, 102 S.Ct. 1449, 71 L.Ed.2d 662 (1982); *TM Mktg. v. Art & Antiques Assoc.,* 803 F.Supp. 994, 997–98 (D.N.J.1992); *Dorn v. Dorn's Transp., Inc.,* 562 F.Supp. 822, 824 (S.D.N.Y.1983).

■ The basis for subject matter jurisdiction in this case is admiralty jurisdiction. 28 U.S.C. § 1333. The case arises under a charter party agreement which, it is well established, is a maritime contract that brings the dispute within the admiralty jurisdiction of the United States Courts. *Fednav, Ltd. v. Isoramar, S.A.,* 925 F.2d 599, 601 (2d Cir.1991).

■ There is an alternate basis for subject matter jurisdiction. The legislation implementing the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §§ 201 *et seq.* (the "Convention"), grants federal question jurisdiction over actions and proceedings falling under the Convention. 9 U.S.C. § 203. A party to an arbitration subject to the Convention, as this one was, may seek to confirm the award against any other party to the arbitration in a federal court of proper venue.[2] *Id.* § 207. Accordingly, we have subject matter jurisdiction under Chapter 2 of the Arbitration Act.

### Personal Jurisdiction and Service

The next issue before the Court is whether the mailing of the petition to confirm was sufficient to acquire *in personam* jurisdiction over the respondent.

The service attempted by petitioner consisted of sending the petition to confirm the arbitration award by registered mail, return receipt requested, to respondent's office in Lima, Peru. Although petitioner has submitted to the Court the Southern District of New York Clerk's Certificate of Mailing, petitioner has not submitted a receipt signed by respondent or any other evidence of delivery.

■ In ordinary circumstances, 9 U.S.C. § 9 governs the service of petitions to con-

firm arbitration awards. Section 9 of the Arbitration Act provides in relevant part:

"If the adverse party is a resident of the district within which the award was made, ... service [of the notice of the application to confirm] shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. *If the adverse party shall be a nonresident then the notice of application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.*" (Emphasis added.)

However, the statute does not provide for service of the respondent at any location that does not lie within a judicial district of the United States. Therefore, the mailing of the petition to respondent's office outside of the United States was not appropriate service under Section 9. But that is not the end of the discussion.

■ The charter party agreement provides that the parties will resolve disputes by arbitration in New York and also provides for court enforcement of the award. (Charter Party ¶ 51) The charter party was subject to the Convention which, as noted, contemplates court enforcement in the venue in which the arbitration takes place. 9 U.S.C. §§ 203, 207. By signing the charter party, respondent thus consented to personal jurisdiction in New York subject to appropriate service. *Reed & Martin, Inc. v. Westinghouse Elec. Corp.,* 439 F.2d 1268, 1276 (2d Cir.1971); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Lecopulos,* 553 F.2d 842, 844 (2d Cir.1977). As respondent is based in Peru and, evidently, not amenable to service in this district, we conclude that the parties contemplated, and waived any objection to, appropriate extraterritorial service. Indeed, any other conclusion in these circumstances would dramatically limit the utility of arbitration in an entirely inappropriate way.

■ While the parties did not specify the means of extraterritorial service in the charter party, we are not without guidelines.

---

**2.** As the arbitration award was rendered in Manhattan, the Southern District of New York is a court of proper venue.

Rule 4 of the Federal Rules of Civil Procedure sets out means of extraterritorial service of process and, absent any other indication in the charter party, we think it affords a reasonable guide for what the parties contemplated.[3]

Rule 4(f)(2)(C) provides for extraterritorial service of a foreign corporation by (i) "delivery to the individual personally" or (ii) "any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party being served." Rule 4(l) further provides that service made pursuant to Rule 4(f)(2) "must include a receipt signed by the addressee or other evidence of delivery to the addressee satisfactory to the court." The service attempted by petitioner under Rule 4(f)(2)(C)(ii) therefore was ineffective because there is no receipt signed by respondent and no other evidence of delivery.

■ Although the service relied upon to date fails to give sufficient assurance of actual notice, we decline to dismiss the petition because petitioner still may be able to obtain proper service. *See Grammenos v. Lemos,* 457 F.2d 1067, 1070 (2d Cir.1972). The Second Circuit has held that standards for service are to be liberally construed in the context of arbitration. *Id.; Intercarbon Bermuda, Ltd. and Caltex Trading & Transport Corp.,* 146 F.R.D. 64, 71–72 (S.D.N.Y.1993). Petitioner is allowed another opportunity to effect appropriate service either by personally serving respondent in Peru at the Lima address on its letterhead, by any method allowed by Peruvian law, or by mail evidenced by a signed return receipt. Proof of service shall be filed within ninety days after the date hereof or the proceeding will be dismissed to failure to prosecute.

SO ORDERED.

---

**3.** Although Fed.R.Civ.P. 4.1, which provides for service of process other than a summons, appears to apply to the service of a petition to confirm arbitration, we note that Rule 4.1 does not provide for a means of extraterritorial service. It does not control for the same reason as Section 9 of the Arbitration Act.