In the Matter of the ARBITRATION
BETWEEN LAURITZEN KOSAN
TANKERS, Petitioner,

and

CHEMICAL TRADING,
INC., Respondent.

No. 95 Civ. 5704 (HB).

United States District Court,
S.D. New York.

Nov. 9, 1995.

Eugene J. O'Connor, Lisa E. Reilly, Freehill, Hogan & Mahar, New York City, for Petitioner.

Eric D. Grayson, Law Offices of Eric D. Grayson, Greenwich, Connecticut, for Respondent.

## MEMORANDUM AND ORDER

BAER,[1] District Judge.

Petitioner, Lauritzen Kosan Tankers ("LKT"), moves to confirm an arbitration award rendered on June 23, 1995 against respondent, Chemical Tankers, Inc. ("CTI"). For the reasons indicated below, I confirm the award.

On or about August 30, 1994, petitioner and respondent entered into a written "charter party," or contract, for the shipment of ambient propylene from Yosu (South Korea) to Indonesia. The terms of the contract mandated arbitration of any disputes between the parties and specified New York as the site for potential arbitration. Grayson Aff. at 3. During the shipment, a dispute arose and both parties subsequently agreed that Manfred W. Arnold would be the sole arbitrator. Mr. Arnold's final judgment was in favor of petitioner, LKT.

Respondent, CTI, opposes the petitioner's motion for an order confirming the Award based on lack of subject matter jurisdiction and personal jurisdiction in the Southern District of New York. Both of these arguments are without merit.

Although the Federal Arbitration Act (FAA) alone does not provide a federal district court with subject matter jurisdiction to confirm the decision of an arbitrator, *General Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 970 (9th Cir.1981), *cert. denied*, 455 U.S. 948, 102 S.Ct. 1449, 71 L.Ed.2d 662 (1982), the charter party agreement between LKT and CTI is a maritime contract that brings the dispute within the admiralty jurisdiction of the United States Courts, *Fednav, Ltd. v. Isoramar, S.A.*, 925 F.2d 599, 601 (2d Cir.1991). Additionally, by merely signing the charter party, which designated New York as the site for arbitration, CTI consented to personal jurisdiction in New York. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Lecopulos*, 553 F.2d 842, 844 (2d Cir.1977); *Marine Trading Ltd. v. Naviera Commercial Naylamp S.A.*, 879 F.Supp. 389, 391 (S.D.N.Y.1995).

Respondent also objects to petitioner's motion to confirm the Award based on improper venue. Section 9 of the FAA provides, in relevant part, as follows:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then ... any party to the arbitration may apply to the court so specified for an order confirming the award.... If no court is specified in the agreement of the parties then such application may be made to the United States court in and for the district within which such award is made.

9 U.S.C. § 9. In the current case, both parties agreed to submit their respective cases solely on the basis of documents and briefs, without providing for hearings. Accordingly, the submission of all briefs and exhibits were sent by the attorneys for both parties to Mr. Arnold at his New Jersey business address. Grayson Aff. at 3. The Award, dated June 23, 1995, was mailed to each of the parties under cover of a letter bearing the arbitrator's New Jersey address.

---

1. N'Jameh Samuels, a second year student at Fordham University School of Law, assisted in the research and preparation of this Memorandum.

The Award also included the phrase "New York, New York" below Mr. Arnold's signature. These facts indicate that the Award was likely "made" in New Jersey. Nevertheless, the Second Circuit has consistently held that the "venue provision of section 9 [of the FAA] should be read as permissive rather than exclusive." *Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 706 (2d Cir. 1985), *cert. denied*, 475 U.S. 1067, 106 S.Ct. 1381, 89 L.Ed.2d 607 (1986). *See also Concourse Beauty Sch., Inc. v. Polakov*, 685 F.Supp. 1311, 1314 (S.D.N.Y.1988). Consequently, "[o]nce a federal court has subject matter jurisdiction over an action, it may confirm an arbitration award even though it was not the district where the award was granted." *Smiga*, 766 F.2d at 706.

 CTI's final objection to the petitioner's motion is based on ineffective service of process. Section 9 of FAA provides in relevant part, as follows:

> If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

9 U.S.C. § 9. The phrase "in like manner as other process of the court" included in the FAA refers to Rule 4 of the Federal Rules of Civil Procedure. *Reed & Martin, Inc. v. Westinghouse Elec. Corp.*, 439 F.2d 1268, 1277 (2d Cir.1971). Rule 4 indicates that LKT's service of process on CTI's New York attorney did not constitute adequate service. *In re InterCarbon Bermuda, Ltd. v. Caltex Trading and Transp. Corp.*, 146 F.R.D. 64, 67–68 (S.D.N.Y.1993). "Considerations of fairness, however, may excuse that failure [if the complaining party has actually received notice and the case involves arbitration proceedings]." *Id.* at 68. In the present case, CTI actually received notice through its attorney and no injustice results from giving effect to that notice.

Because I have found all of CTI's defenses to be without merit, I confirm the award. I am troubled by the last words in the conclusion to the Grayson Affirmation. In an abundance of caution, if there exist any additional grounds not to confirm, which I doubt, they may be the subject of a telephone conference or argument tomorrow, November 9 at 4:00 p.m. Should no such conference call be initiated, this award is confirmed as of 5:00 p.m. on November 9, 1995.

**SO ORDERED.**