**MIDDLEBURY ASSOCIATES and Middlebury Developers, Inc.**

v.

**R. E. BEAN CONSTRUCTION CO., INC., Triangle Sheet Metal, Inc., Joseph P. Carrara & Son, Inc., Frank T. Cody Company, Inc., Pitcher Associates, Inc., and Berkeley, Inc.**

Civ. A. No. 77–122.

United States District Court, D. Vermont.

Oct. 5, 1977.

John A. Kelley, Middlebury, Vt., Robert C. Macek of Gross, Shuman, Laub & David, Buffalo, N. Y., for plaintiff.

John H. Carnahan of Fitts & Olson, Brattleboro, Vt., J. Norman O'Connor, Jr., of Donovan & O'Connor, Adams, Mass., for R. E. Bean.

Thomas S. Conlon of Gravel, Shea & Wright, Burlington, Vt., for Triangle.

Thomas W. Lynch, Lynch & Foley, Middlebury, Vt., for Carrara.

K. William Clauson, Gardner & Clauson, Hanover, N. H., for Cody.

Karl W. Neuse, Middlebury, Vt., for Pitcher.

John P. Monte, Monte & Monte, Barre, Vt., for Berkeley.

## ORDER AND MEMORANDUM

HOLDEN, Chief Judge.

The petitioners, Middlebury Associates and Middlebury Developers, Inc., invoke the court's jurisdiction on the basis of diversity, 28 U.S.C. § 1332, and the United States Arbitration Act of 1925 (9 U.S.C. §§ 9–10). They seek to vacate an arbitration award made pursuant to a stipulation entered in the Vermont Superior Court for Addison County by the petitioners, the owners and developers of a shopping center project, R. E. Bean Construction Co., Inc., the general contractor and its several subcontractors on the project. In July of 1973 the petitioner, Middlebury Associates, and the respondent, Bean Construction Co. ("Bean"), entered into a contract whereby Bean was to construct a shopping center for Middlebury Associates in Middlebury, Vermont. During the course of construction, disputes developed between Middlebury Associates and Middlebury Developers and Bean and the contract was terminated. Subsequently, Bean claimed damages against Middlebury Associates and Middlebury Associates counterclaimed for damages. Bean, in the course of the work, had subcontracted portions of the project to five subcontractors: Joseph P. Carrara & Sons, Inc. ("Carrara"), Frank T. Cody Co., Inc. ("Cody"), Pitcher Associates, Inc. ("Pitcher"), Berkeley, Inc. ("Berkeley"), and Triangle Sheet Metal, Inc. ("Triangle"). All are parties to this action.

The subcontractors brought various actions in Addison Superior Court against Bean to recover amounts which they claimed under the subcontracts. To secure the claims against Bean the subcontractors filed mechanics' liens against the property owned by Middlebury Developers and Middlebury Associates. After the commencement of the lawsuits in Addison Superior Court, the two petitioners, Bean, and the subcontractors entered into stipulations in the various lawsuits in order to establish the liability of the parties to each other through arbitration. In the stipulation, which was entered into on January 13, 1976, all parties agreed to submit the entire dispute to arbitration. In February of 1977, an award was made against Middlebury Associates and in favor of Bean. The subcontractors also received awards against the general contractor, Bean. The respondents have moved in state court for judgment on the awards.

This is not the first time that this contractual dispute has been before this court. In *Berkeley, Inc. v. Middlebury Developers, Inc., et al.*, Civ. No. 75–61 (D.Vt. Sept. 16, 1975), one of the subcontractors, Berkeley, brought suit in contract and tort against Middlebury Developers, d/b/a Middlebury Associates, R. E. Bean and other parties in 1975. Middlebury Developers successfully moved to dismiss for lack of complete diversity. This court made several findings in connection with the motion to dismiss: (1) both Middlebury Developers and Middlebury Associates, the partnership, were organized for the purpose of developing and operating the shopping center at Middlebury, Vermont; (2) Middlebury Associates transferred title to the plaza real estate to Middlebury Developers in 1974; (3) the principal place of business of Middlebury Developers is at Middlebury, Vermont; (4) Middlebury Developers was an indispensable co-party to the action. The case was dismissed for lack of subject matter jurisdiction.

Petitioners have joined as petitionees the main contractor, Bean, as well as the subcontractors, who obtained awards against Bean in the arbitration proceeding. The defendant subcontractors are alleged to be New Hampshire corporations with principal places of business in New Hampshire, or Vermont corporations with principal places of business in Vermont. In its complaint, the plaintiff alleged that Middlebury Associates and its corporate nominee used for financing purposes, Middlebury Developers, Inc., are New York corporations with principal places of business in New York. Defendant Bean is a New Hampshire corporation with principal place of business in New Hampshire.

All of the respondents have moved to dismiss on the grounds that the complaint fails to state a claim upon which relief may be granted and that the court lacks subject matter jurisdiction. They assert that diversity jurisdiction is lacking because Middlebury Developers, one of the co-plaintiffs, has a principal place of business in Middlebury, Vermont, as established by the earlier decision discussed above. Therefore, it is urged, complete diversity is absent. The defendants' second claimed basis for dismissal rests on the argument that Middlebury Associates and Middlebury Developers, Inc. are barred from seeking federal court review by the terms of the stipulation for judgment filed in the Addison Superior Court.

 The Arbitration Act, standing alone, is not an independent grant of jurisdiction; there must be some independent basis for jurisdiction of the federal courts. *Robert Lawrence Co. v. Devonshire Fabrics, Inc.*, 271 F.2d 402, 408 (2d Cir. 1959), *certiorari dismissed* 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37 (1959). *See* Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3569. In the prior proceedings in this court involving the same parties, Middlebury Developers' principal place of business was established to be in Vermont. The court further held that Middlebury Developers was an indispensable party to the entire dispute. *Berkeley, Inc. v. Middlebury, supra.* The court holds that the petitioners are bound by the same jurisdictional facts established in the prior proceedings on principles of collateral estoppel. *See Napper v. Anderson*, 500 F.2d 634, 636 (5th Cir. 1974).

 In an effort to cure the defects and to confer subject matter jurisdiction, the petitioners moved at oral argument to amend its petition to eliminate Middlebury Developers as a party to the present proceedings. The court recognizes that Fed.R. Civ.P. 21 allows a change in the parties to an action at any stage of the proceedings unless the request, if granted, will produce a delay in the action or work substantial prejudice to any of the parties. In that event the change in parties will be denied.

To allow the amendment sought by the petitioners would remove a party that the court has previously found to be indispensable to the total controversy. Beyond that, all parties have expended great time, effort and money in proceedings, both in the Addison Superior Court and in the arbitration hearings pursuant to the stipulation of the

petitioners and the general contractor Bean. To allow the amendment requested would achieve delay and do violence to the solemn agreement of the parties.

It is ORDERED:

1. *The petitioners' motion to eliminate Middlebury Developers as a party plaintiff is denied.*

2. *The Clerk will enter an order dismissing the action for lack of jurisdiction.*