**GENERAL ATOMIC CO., Appellant,**

v.

**UNITED NUCLEAR CORP., Appellee.**

No. 80–5830.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 2, 1981.

Decided Sept. 8, 1981.

Nathan Lewin, Miller, Cassidy, Larroca & Lewin, Washington, D.C., for appellant.

Richard T. Conway, San Diego, Cal., argued, for appellee; Paul B. Wells, Procopio, Cory, Hargreaves & Savitch, San Diego, Cal., Charles D. Olmsted, Bigbee, Stephenson, Carpenter, Crout & Olmsted, Santa Fe, N.M., on brief.

Before TANG and NELSON, Circuit Judges, and WILLIAMS,* District Judge.

NELSON, Circuit Judge:

In this expedited appeal, General Atomic Company ("GAC") seeks review of the district court's dismissal, for lack of subject matter jurisdiction, of GAC's application for confirmation of an arbitration award pursuant to 9 U.S.C. § 9. We affirm.

"It is a fundamental principle that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 374, 98 S.Ct. 2396, 2403, 57 L.Ed.2d 274 (1978). A federal court is presumed to lack jurisdiction in a

* Hon. Spencer Williams, United States District Judge, Northern District of California, sitting by designation.

particular case unless the contrary affirmatively appears. *California ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979). *See generally* 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3522 (1975).

■ GAC argues that subject matter jurisdiction for confirmation of an arbitration award arises from the very language of section 9. We disagree, however, and feel that such an interpretation would work great mischief to the overall scheme of the Arbitration Act. In particular, that interpretation presents a significant possibility of eviscerating the clear limits on federal jurisdiction contained in sections 3 and 4. GAC's expansive interpretation would mean, for example, that a district court lacking jurisdiction to compel arbitration under section 4 might nonetheless threaten to confirm a subsequent *ex parte* award under section 9. Such a threat would have a substantial compulsory effect. We cannot approve an interpretation which would achieve by indirection that which Congress has clearly forbidden.

The district court's unpublished decision is set forth in the appendix annexed to this opinion. After independently examining the issues we find that we entirely agree with the district court's decision and its accompanying reasons. We therefore affirm its judgment and adopt its analysis of the issues. No useful purpose would be served by our extending this opinion to repeat the analysis.

■ We hold that applicants who, in federal district court, seek confirmation of an arbitration award under 9 U.S.C. § 9, must demonstrate independent grounds of federal subject matter jurisdiction. The provisions of 9 U.S.C. § 9 do not in themselves confer subject matter jurisdiction on a federal district court. Because no independent ground of jurisdiction existed in the case under review, the district court correctly dismissed for lack of subject matter jurisdiction.

AFFIRMED.

* A portion of the district court's decision unrelated to this appeal has been omitted.

APPENDIX *

DISTRICT COURT

MEMORANDUM DECISION

ENRIGHT, District Judge:

In this action applicant General Atomic Company (GAC) seeks confirmation of the Partial and Final Arbitration Awards rendered in San Diego by the Arbitration Panel in the above named matter, pursuant to the provisions of 9 U.S.C. § 9. In connection with its application for confirmation, GAC moved this court for a preliminary injunction to enjoin the New Mexico state court from conducting proceedings in connection with United Nuclear Corporation's (UNC's) motions therein for vacation of the awards.

In 1973 UNC and Gulf entered into a Supply Agreement (1973 Supply Agreement) which contained an arbitration clause, whereby UNC agreed to supply uranium to Gulf. Subsequently, Gulf assigned its interest in the Agreement to GAC, the applicant herein. In 1975, UNC ceased deliveries of uranium under the Agreement and instituted proceedings in the New Mexico state court system against GAC. In November of 1979, GAC filed a demand to arbitrate with the American Arbitration Association in San Diego. In the arbitration proceedings at issue herein, the Panel attempted to resolve both the procedural intricacies and the merits of the 1973 Supply Agreement disputes between GAC and UNC.

In the Partial Award, dated November 14, 1979, the Panel held that it was not required to give full faith and credit to the New Mexico state court decisions regarding the validity of the 1973 Supply Agreement. In addition, it found that GAC had not waived its right to invoke the arbitration provision contained in the Supply Agreement. The Panel held in the Final Award, dated September 10, 1980, that the 1973 Supply Agreement was valid and enforceable against UNC. It further ordered UNC to specifically perform portions of the

Agreement and to pay GAC $301,181,635 in damages for breach thereof.

In addition to the issues UNC has raised regarding the merits of the decisions issued by the Arbitration Panel, it contends that this court lacks the requisite subject matter jurisdiction to entertain GAC's application.

Upon due consideration of the parties' memoranda and extensive exhibits, and the arguments advanced at the hearing, the court hereby dismisses the application for confirmation of the Partial and Final Arbitration Awards for lack of subject matter jurisdiction. In addition, because the New Mexico state court action has been removed to a federal district court, the court denies GAC's motion for preliminary injunction.

In addressing UNC's argument that this court lacks subject matter jurisdiction over the instant action, the court notes that federal courts are courts of limited jurisdiction, and the presumption is that they are without power to act unless the contrary affirmatively appears. *Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1970), *later appeal* 450 F.2d 1007 (9th Cir. 1971).

GAC filed its application for confirmation of the Arbitration Awards pursuant to Section 9 of the Federal Arbitration Act. 9 U.S.C. § 9. This section provides in part that:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9

The arbitration clause contained in the 1973 Supply Agreement does not limit the confirmation of an award thereunder to a specific court. Therefore, GAC seeks to invoke this court's jurisdiction under the portion of Section 9 which authorizes application for confirmation to be "made to the United States court in and for the district within which such award was made." 9 U.S.C. § 9. GAC urges that the plain language of Section 9 justifies an assertion of jurisdiction by this court whether or not independent jurisdictional grounds exist.

The lower courts are in agreement that the Arbitration Act itself is not a grant of jurisdiction. Section 9 is potentially inconsistent with this view because on its face it could be read as granting the district court jurisdiction of an application to confirm an award. On the other hand, Section 9 does not contain language common to jurisdictional grants, and to require independent jurisdictional grounds under other sections and not under Section 9 renders the Act a "patchwork of individual statutes bereft of any coherent plan." Thus, the provisions of the Act apply to actions which have an independent jurisdictional basis. 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, § 3569, 467–470 (1975).

Courts have consistently held that actions brought under the Federal Arbitration Act require an independent jurisdictional basis. *Commercial Metals Co. v. Balfour, Guthrie & Co.*, 577 F.2d 264 (5th Cir. 1978); *Robert Lawrence Co. v. Devonshire Fabrics, Inc.*, 271 F.2d 402 (2d Cir. 1959), *cert. granted*, 362 U.S. 909, 80 S.Ct. 682, 4 L.Ed.2d 618, *cert. dismissed*, 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37 (1960); *Mengel Co. v. Nashville Paper Prod. & Spec. Workers Union*, 221 F.2d 644 (6th Cir. 1955); *S. J. Groves & Sons v. American Arbitration Association*, 452 F.Supp. 121 (D.Minn.1978); *Middlebury Associates v. R. E. Bean Construction*, 446 F.Supp. 28 (D.Ver.1977). Further, it has been held that the only logical interpretation of the statutory scheme is that actions under Section 9 require an independent jurisdictional basis. *Bangor & Aroostook R. Co. v. Maine Central R. Co.*, 359 F.Supp. 261, 262–64 (D.D.C.1973); *See, Ballantine Books, Inc. v. Capital Distributing Co.*, 302

F.2d 17, 19 (2d Cir. 1962); *Williams v. Beyer*, 455 F.Supp. 482, 484 (D.N.H.1978); *Litton RCS, Inc. v. Pennsylvania Turnpike Commission*, 376 F.Supp. 579, 585 (E.D.Pa. 1974); *aff'd without opinion*, 511 F.2d 1394 (3d Cir. 1975).

The cases which GAC has cited in support of its position that no independent jurisdictional grounds are required for an application under Section 9 do not justify a different result. Because diversity existed in *Reed & Martin, Inc. v. Westinghouse Electric Corp.*, 439 F.2d 1268, 1276 (2d Cir. 1971), the Second Circuit was not compelled to determine whether, in the absence of diversity, Section 9 conferred jurisdiction. The Fifth Circuit specifically declined to hold diversity was necessary to supply jurisdiction under Section 9 in *City of Naples v. Prepakt Concrete Co.*, 490 F.2d 182, 184 n.6 (5th Cir.), *reh. denied*, 494 F.2d 511 (5th Cir.), *cert. denied*, 419 U.S. 843, 95 S.Ct. 76, 42 L.Ed.2d 71 (1974). However, because diversity existed in *City of Naples*, this issue was not before the court. Thus, this case provides no authority for GAC's position that independent jurisdictional grounds are unnecessary under Section 9.

GAC has cited no persuasive authority for its contention that the "plain language" of Section 9 constitutes a conferral of jurisdiction.[1] Therefore, this court agrees with the proposition that the Federal Arbitration Act is a single enacted piece of legislation, and to read Section 9 separately from the other provisions would produce an "odd patchwork of individual statutes bereft of any coherent plan." *Bangor & Aroostook R. Co. v. Maine Central R. Co., supra*, at 263.

Since GAC has alleged no independent grounds to justify an exercise of federal jurisdiction in the instant application, that is, diversity of citizenship or a federal question other than the enforcement of the arbitration agreement, this court has no subject matter jurisdiction to confirm the awards in question and therefore dismisses the application for confirmation. . . .

In rendering this decision, the court is not unmindful of the difficulties GAC will encounter in its attempt to obtain confirmation of the arbitration awards. Since this court is the "United States court in and for the district within which such award was made," 9 U.S.C. § 9, an order which effectively divests the court of its jurisdiction over the matter leaves GAC without an alternative remedial option under the Federal Arbitration Act. However, the court is compelled, on the basis of the authorities cited herein, to dismiss the application for lack of subject matter jurisdiction.

DATED: October 24, 1980.

---

1. The provisions of the Federal Arbitration Act apply to written clauses in maritime transactions or contracts evidencing a transaction involving commerce. 9 U.S.C. §§ 1, 2. *See generally, Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 401, 87 S.Ct. 1801, 1804, 18 L.Ed.2d 1270 (1967); *Bernhardt v. Polygraphic Co.*, 350 U.S. 198, 76 S.Ct. 273, 100 L.Ed. 199 (1956); *Grand Bahama Petroleum Co. v. Asiatic Petroleum Corp.*, 550 F.2d 1320, 1324 (2d Cir. 1977); *Merritt-Chapman & Scott Corp. v. Pennsylvania Turnpike Commission*, 387 F.2d 768, 772 (3d Cir. 1967). If GAC's argument regarding the "plain language" of Section 9 is accepted and carried to its logical extreme, district courts may well be required to entertain all applications for confirmation of awards rendered in their districts irrespective of whether the contracts involved maritime transactions or evidenced transactions involving commerce. This court is unwilling to create such an expansion of federal jurisdiction by declaring that Section 9, by itself, on its face, confers subject matter jurisdiction.