Steve **GARRETT**, Plaintiff–Appellant,

v.

**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.; Charles Partain; Gordon Williams, Defendants–Appellees.**

No. 92–55605.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 5, 1993*.

Decided Oct. 19, 1993.

---

* This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

Lloyd C. Ownbey, Jr., Pasadena, CA, for plaintiff-appellant.

Robert D. Feighner and Timothy N. Will, Keesal, Young & Logan, Long Beach, CA, for defendants-appellees.

Before: SKOPIL, HALL, and RYMER, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Steve Garrett appeals the district court's dismissal of his petition to vacate an arbitration award entered in favor of Garrett's employer, Merrill Lynch, Pierce, Fenner & Smith, Inc. Because the district court correctly determined that it had no subject-matter jurisdiction over Garrett's petition, we affirm.

### I.

On July 9, 1991, Garrett filed a statement of claim against Merrill Lynch with the director of arbitration for the National Association of Securities Dealers. Garrett alleged that Merrill Lynch had terminated him for reporting to management the illegal "churning" activities of another Merrill Lynch employee.

A three-person panel heard Garrett's arguments and dismissed his claim. Garrett filed a petition in the district court to vacate the arbitration award pursuant to § 10 of the Federal Arbitration Act (the "Act"), 9 U.S.C. §§ 1–16 (1988 & Supp.1990), on the ground that the arbitrators were biased.[1] The dis-

trict court determined that the Act does not confer independent federal-question jurisdiction and dismissed the petition. We review *de novo* the district court's resolution of this legal question. *E.g., Reebok Int'l v. Marnatech Enters.*, 970 F.2d 552, 554 (9th Cir.1992).

### II.

 Section 10 of the Federal Arbitration Act, which sets forth grounds for vacating an arbitration award, appears on its face to confer subject-matter jurisdiction on the federal courts. Under § 10, "the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration." 9 U.S.C. § 10 (Supp.1993). Garrett therefore argues that, given the plain language of this provision, the district court erred in dismissing his petition for lack of jurisdiction. Because Garrett's contention ignores compelling precedent to the contrary, we disagree.

The Supreme Court has consistently held that federal courts may hear claims under the Act only when there is an independent basis for federal jurisdiction. In *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), the Court recently reiterated the Act's unusual jurisdictional requirements:

> The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction.... [T]here must be diversity of citizenship or some other independent basis for federal jurisdiction.

*Id.*, 460 U.S. at 25 n. 32, 103 S.Ct. at 942 n. 32, 74 L.Ed.2d 765 (1982). *Accord Southland Corp. v. Keating,* 465 U.S. 1, 15 n. 9, 104 S.Ct. 852, 861 n. 9, 79 L.Ed.2d 1 (1984). Several Ninth Circuit decisions have inter-

---

1. Section 12 of the Act requires parties to file a petition to vacate within three months after a panel delivers an arbitration award. 9 U.S.C. § 12 (1988). Although Garrett did not do so, he asks that we permit his late petition under the doctrine of equitable tolling. Because we find that the district court correctly dismissed the petition on a jurisdictional basis, we need not reach this issue.

preted the Act in a similar fashion. *See, e.g., Pacific Reinsurance Management Corp. v. Ohio Reinsurance Corp.,* 935 F.2d 1019, 1021 (9th Cir.1991); *Kehr v. Smith Barney, Harris Upham & Co.,* 736 F.2d 1283, 1287 (9th Cir.1984); *General Atomic Co. v. United Nuclear Corp.,* 655 F.2d 968, 969 (9th Cir.1981), *cert. denied,* 455 U.S. 948, 102 S.Ct. 1449, 71 L.Ed.2d 662 (1982).

Garrett asserts that we should distinguish these decisions because they involve provisions of the Act other than § 10. We decline to do so for several reasons. First, the Court has unequivocally held that the Act "does not create *any* independent federal-question jurisdiction." *Southland Corp.,* 465 U.S. at 15 n. 9, 104 S.Ct. at 861 n. 9 (emphasis added); *Moses H. Cone,* 460 U.S. at 25 n. 32, 103 S.Ct. at 942 n. 32.

Second, courts in other circuits have addressed this specific issue and unanimously held that § 10 does not confer federal jurisdiction. *See, e.g., Harry Hoffman Printing, Inc. v. Graphic Communications, Int'l Union, Local 261,* 912 F.2d 608, 611 (2d Cir. 1990); *United States v. American Soc'y of Composers, Authors & Publishers,* 832 F.Supp. 82, 84–85 (S.D.N.Y.1993); *Galuska v. Goldman, Sachs & Co.,* No. 92C8091, 1993 WL 226299 at *1 (N.D.Ill. June 24, 1993); *First Commercial Fin. Group v. Baghdoian,* 812 F.Supp. 837, 840 (N.D.Ill.1993); *470 Stratford Holding Co. v. Local 32B–32J, Serv. Employees Int'l Union,* 805 F.Supp. 118, 121 (E.D.N.Y.1992); *Giangrande v. Shearson Lehman/E.F. Hutton,* 803 F.Supp. 464, 466 (D.Mass.1992); *Drexel Burnham Lambert, Inc. v. Valenzuela Bock,* 696 F.Supp. 957, 960–61 (S.D.N.Y.1988); *S.J. Groves & Sons Co. v. American Arbitration Ass'n,* 452 F.Supp. 121, 123 (D.Minn.1978); *Middlebury Assocs. v. R.E. Bean Constr. Co.,* 446 F.Supp. 28, 30 (D.Vt.1977).[2]

Third, several Ninth Circuit decisions hold that § 9 of the Act, which permits confirmation of an arbitration award upon a petition "to the United States court in and for the district within which such award was made," *see* 9 U.S.C. § 9 (1988), does not create subject-matter jurisdiction. *See Pacific Reinsurance,* 935 F.2d at 1021; *General Atomic,* 655 F.2d at 969. We see no reason to treat petitions "to the United States court" under § 10 any differently.

Fourth, § 4 of the Act limits federal jurisdiction over petitions to compel arbitration to courts which "would have jurisdiction under Title 28." 9 U.S.C. § 4 (1988). We agree with the Second Circuit that "it would be anomalous to conclude … that section 4 confers no jurisdiction to compel arbitration, but that section 10 confers jurisdiction to vacate an award once arbitration has taken place." *Harry Hoffman,* 912 F.2d at 611 n. 1.

Finally, we think that a narrow interpretation of § 10 is consistent with the limited nature of federal-court jurisdiction. As noted by the Second Circuit, "to read section 10 as bestowing jurisdiction to vacate absolutely any arbitration award would open the federal courts to a host of arbitration disputes, an intent that we should not readily impute to Congress." *Id.*

For these reasons, we hold that § 10 of the Act does not provide independent jurisdiction to the federal courts.

### III.

■ Garrett does not have an independent jurisdictional basis for his petition to vacate the arbitration award.[3] We therefore affirm

---

**2.** Garrett argues that the Court's decision in *Commonwealth Coatings Corp. v. Continental Casualty Co.,* 393 U.S. 145, 89 S.Ct. 337, 21 L.Ed.2d 301 (1968), is to the contrary. In *Commonwealth,* the Court did address the merits of a motion to vacate due to arbitrator bias. The Court, however, never discussed the jurisdictional issue (nor did the lower court opinions). Given the weight of subsequent case law, including the Court's decisions in *Moses H. Cone* and *Southland Corp.,* we cannot read *Commonwealth* as Garrett urges.

**3.** Garrett argues that, because he alleged that Merrill Lynch fired him for reporting the "churning" activities of another broker, his petition has federal-question jurisdiction under § 10(b) of the Securities Exchange Act of 1934. Although § 10(b) prohibits churning, *see, e.g., Davis v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 906 F.2d 1206, 1212–14 (8th Cir.1990), we do not think the provision reaches so far as to encompass a petition to vacate an arbitration award in an employment termination case.

the district court's dismissal of the petition for lack of subject-matter jurisdiction.[4]

**AFFIRMED.**

---

**4.** Because Garrett raised an issue of first impression in this circuit, his appeal is not frivolous.

We therefore deny Merrill Lynch's request for attorney's fees. Fed.R.App.P. 38.