United States Court of Appeals,

Eleventh Circuit.

No. 95-9249.

LORAL CORPORATION, Plaintiff-Appellee,

v.

SWIFTSHIPS, INC., Defendant-Appellant.

March 13, 1996.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:95-cv-2285-CC), Clarence Cooper, Judge.

Before ANDERSON and BLACK, Circuit Judges, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

Loral Corporation filed this case, pursuant to § 9 of the Federal Arbitration Act (Act), 9 U.S.C. §§ 1-14 (1994), seeking confirmation of an arbitration award which required Swiftships, Inc., to deposit certain milestone payments due to Swiftships from the Arab Republic of Egypt into an escrow account. Loral also sought a temporary restraining order (TRO) and a preliminary injunction because Swiftships had indicated that it did not intend to deposit the payments as required. The TRO was granted. Swiftships moved to dismiss the case and to dissolve the TRO, arguing, *inter alia,* that the district court lacked subject matter jurisdiction and personal jurisdiction, that venue was improper, and that the TRO was improperly granted. Following a hearing on Swiftships' motion to dismiss and on Loral's motion for a preliminary injunction, the district court found that subject matter jurisdiction was proper based on diversity of citizenship and that personal jurisdiction and venue were proper because the

parties had agreed to arbitrate in Atlanta. The court denied Swiftships' motion to dismiss. Finding that the risk of harm to Swiftships did not outweigh the risk of harm to Loral, the court denied Swiftships' motion to dissolve the TRO and granted Loral's motion for a preliminary injunction. Swiftships appeals, raising the issue of whether the district court for the Northern District of Georgia had subject matter jurisdiction.[1] We affirm.

Federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000 ... and is between ... citizens of different States." 28 U.S.C. § 1332 (1994). A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Id.* at (c)(1). The parties do not dispute that the amount in controversy exceeds $50,000 or that Loral is a New York corporation with its principal place of business in New York and Swiftships is a Delaware corporation with its principal place of business in Louisiana. The district court, therefore, had original jurisdiction of this civil action pursuant to § 1332.

Citing *McGregor & Werner, Inc. v. Motion Picture Lab. Technicians Local 780,* 806 F.2d 1003 (11th Cir.1986), Swiftships argues that § 9 of the Act creates jurisdictional requirements in

---

[1]Swiftships also raises the following issues: (1) whether the district court erred in finding that personal jurisdiction and venue were proper in the Northern District of Georgia, (2) whether the district court erred in determining that the arbitration award was final for purposes of confirmation, and (3) whether the district court abused its discretion in granting the preliminary injunction. These issues are without merit, and we affirm. *See* 11th Cir.R. 36-1.

addition to those in § 1332.  In *McGregor & Werner,* this Court held that "jurisdiction [was] proper in the federal court in the district within which the arbitration award was made."  *Id.* at 1005.

After reviewing the record, we hold that the district court did not err in finding that the parties agreed to arbitrate in Atlanta.  For purposes of § 9, the arbitration award was made in Atlanta, and jurisdiction was therefore proper in Atlanta.

We are concerned, however, by Swiftships' interpretation of *McGregor & Werner* and do not want this opinion to be misconstrued.  By holding that this case falls within the requirements of *McGregor & Werner,* we are not extending the holding in that case.  *McGregor & Werner* does not limit subject matter jurisdiction to courts in the district within which the arbitration award was made.  Nor do we do so here.

Subject matter jurisdiction for cases filed pursuant to § 9 of the Act must be based upon either diversity of citizenship or the existence of a federal question and is not dependent upon the location in which the arbitration award was made.  Section 9 defines the appropriate venue for confirming an arbitration agreement and grants personal jurisdiction over the parties to the agreement;  it does not limit subject matter jurisdiction.  The district court did not err in finding that it had subject matter jurisdiction based on diversity of citizenship.

AFFIRMED.