VALROSE MAUI, INC., Plaintiff,

v.

MACLYN MORRIS, INC., Defendant.

Maclyn Morris, Inc., Plaintiff,

v.

Valrose Maui, Inc., Defendant.

Nos. CIV. 00–00105SOMLEK, CIV. 00–00151SOMLEK.

United States District Court, D. Hawai'i.

April 13, 2000.

Charles H. Hurd, Honolulu, HI, for Plaintiff.

George W. Van Buren, Van Buren Campbell & Shimizu, Honolulu, HI, for Defendant.

*ORDER DENYING MOTION TO RE-MAND; ORDER DENYING MO-TION TO DISMISS; ORDER DE-NYING MOTION TO CONFIRM ARBITRATION AWARD; AND OR-DER VACATING ARBITRATION AWARD*

MOLLWAY, District Judge.

## I. *INTRODUCTION.*

These consolidated cases come before this court with two sets of motions. The first set seeks a remand of one of the cases and dismissal of the other. Because this court has diversity jurisdiction and is not persuaded that it should abstain or defer to a state court under the circumstances, both the motion to remand and the motion to dismiss are denied. The second set of motions concerns the status of an arbitration award. One motion in the second set seeks to have the arbitration award con-firmed. The other motion seeks to have the arbitration award vacated. This court denies the motion to confirm and grants the motion to vacate because the arbitrator failed to disclose that he was contacted by one of the attorneys appearing before him in the present case about serving as a mediator in an unrelated matter. The ar-bitrator in the present case was then ap-pointed as a mediator in the unrelated case while the present case was pending before him, but even then he failed to disclose this relationship.

## II. *BACKGROUND.*

Valrose Maui, Inc. ("VMI"), and Maclyn Morris, Inc. ("MMI"), agreed that MMI would construct the "Agell Residence" ("Contract"). A dispute arose between VMI and MMI, with VMI alleging defi-ciencies in MMI's performance as contrac-tor and MMI alleging that VMI had wrongfully terminated the contract. Each

party sought damages from the other. The parties arbitrated their dispute pursuant to paragraph 4.5.1 of the Contact. Contract ¶ 4.5.1 (arbitration clause compelling the parties to settle disputes pursuant to the Construction Agency Arbitration Association Rules of the American Arbitration Association). Under the terms of the Contract, the dispute was governed by Hawaii law. Contract ¶ 13.1.1.

An arbitrator ("Arbitrator") was appointed in this case on or about July 28, 1998. *See* Exhibit B to the Memorandum in Opposition to Petitioner's Application for Order Confirming Arbitration Award Dated January 28, 2000 in Civil No. 00–00105 (March 28, 2000). Upon questioning by this court at the hearing on the present motions, the attorneys for the parties stated that the arbitration hearing took approximately twenty-one days, lasting through September 22, 1999. *See* Partial Final Award (Dec. 11, 1999).

Upon further questioning by this court at the hearing on the present motions, VMI's counsel stated that, while the arbitration was still pending, sometime in September 1999, VMI's counsel and the Arbitrator discussed the possibility of the Arbitrator's becoming the mediator in an unrelated legal malpractice matter. The Arbitrator was ultimately appointed to mediate that malpractice matter while the arbitration of the "dispute" between VMI and MMI was pending. Counsel in that malpractice matter, including VMI's counsel, and the Arbitrator had a subsequent discussion relating to that mediation on November 19, 1999. At no time until the hearing on the present motions was MMI or its counsel aware of the Arbitrator's relationship with VMI's counsel in the legal malpractice case.

MMI's counsel had been in a telephone conference call with the Arbitrator and VMI's counsel in October 1999. When the conversation concerning VMI and MMI had concluded, VMI's counsel said that he wanted to discuss the Arbitrator's availability in an unrelated matter. MMI's counsel left the conversation after hearing that, and VMI's counsel then discussed with the Arbitrator the possibility of the Arbitrator's participation in an upcoming intra-family trust mediation.[1] In February 2000, after the Arbitrator had concluded the present arbitration, the Arbitrator was appointed to mediate the trust dispute.

The Arbitrator issued a Partial Final Award in the case between VMI and MMI on December 11, 1999. *See* Partial Final Award (Dec. 11, 1999). The Partial Final Award ordered MMI (the contractor) to pay VMI (the owner) $256,451.12, plus interest from December 11, 1999. *Id.* at 4. On January 20, 2000, the Arbitrator issued a Final Award, confirming the previous monetary award in favor of VMI and ordering each party to bear its own costs, the AAA administrative fee, their attorneys' fees, and the Arbitrator's fees ("Arbitration Award"). Final Award (Jan. 20, 2000) at 4–5.

On February 3, 2000, VMI, alleging diversity jurisdiction, filed an application to confirm the Arbitration Award in this court. *See* Petitioner's Application for Order Confirming Arbitration Award, Civil No. 00–00105 (Feb. 3, 2000). On February 7, 2000, MMI filed an application to vacate the Arbitration Award in the Circuit Court of the First Circuit, State of Hawaii.[2] *See* S.P. No. 00–1–0061 (Feb. 7, 2000). VMI removed the First Circuit Court action to this court on February 23, 2000. *See* Valrose Maui, Inc.'s Notice of Removal of State Court Civil Action, Civil No. 00–00151.

On March 29, 2000, Magistrate Judge Barry M. Kurren orally consolidated Civil Nos. 00–00105 and 00–00151.

---

1. The VMI and MMI dispute was not discussed further during the conversation between VMI's attorney and the Arbitrator.

2. At the time MMI filed its application in the First Circuit Court, it had not been served with VMI's application in this court. Return and Acknowledgment of Service (Civil No. 00–00105) (Feb. 14, 2000) (indicating that VMI's application was served upon MMI on February 10, 2000).

There are presently four motions before this court. MMI has moved to remand the removed case back to First Circuit Court. MMI has moved to dismiss the action VMI filed in this court. VMI has moved to confirm the Arbitration Award. Finally, MMI has moved to vacate the Arbitration Award.[3] Because this court has diversity jurisdiction, MMI's motions to remand and to dismiss are denied. Because the Arbitrator did not disclose a conflict of interest, MMI's motion to vacate the Arbitration Award is granted and VMI's motion to confirm the Arbitration award is denied.

## III. ANALYSIS.

### A. MMI's Motion to Remand is Denied.

■ MMI argues that this court should remand Civil No. 00–00151 to First Circuit Court. MMI says that the case was improperly removed because the Contract had a "forum selection clause." At the hearing on the motions, however, MMI conceded that the so-called "forum selection clause" it was relying on was paragraph 13.1.1 of the Contract, which is merely a choice of law clause. An agreement that the Contract is governed by Hawaii law is not an agreement that the First Circuit Court of the State of Hawaii is the exclusive forum for confirming or vacating the Arbitration Award. Accordingly, MMI's "forum selection clause" argument is not persuasive.

■ This court has diversity jurisdiction pursuant to 28 U.S.C. § 1332; see General

Atomic Co. v. United Nuclear Corp., 655 F.2d 968, 971 (9th Cir.1981) (stating that district courts may confirm arbitration awards under the Federal Arbitration Act if diversity of citizenship or federal questions exist justifying the exercise of jurisdiction), cert. denied, 455 U.S. 948, 102 S.Ct. 1449, 71 L.Ed.2d 662 (1982).[4] VMI and MMI agreed at the hearing that they are diverse parties. MMI is incorporated under the laws of California, with its principal place of business at Santa Cruz, California. VMI, on the other hand, is incorporated under the laws of Hawaii, with its principal place of business at Lahaina, Maui, Hawaii. See Petitioner's Application for Order Confirming Arbitration Award (Civil No. 00–00105) (Feb. 3, 2000) at 2. Accordingly, MMI is a citizen of California and VMI is a citizen of Hawaii. 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"). There is no question that the amount in controversy exceeds $75,000. See Arbitrator's Award (awarding $256,451.12 plus interest).

Because this court has original jurisdiction pursuant to section 1332, it denies the motion to remand Civil No. 00–00151 to First Circuit Court.

### B. MMI's Motion to Dismiss is Denied.

MMI seeks dismissal of VMI's application to confirm the Arbitration Award because it involves only issues of state law,

3. Although VMI's motion is brought under the Federal Arbitration Act, and although MMI's motions are brought under chapter 658, Hawaii Revised Statutes, the parties have stipulated that this court may apply either the Federal Arbitration Act or chapter 658 to all of the motions.

4. The Federal Arbitration Act, 9 U.S.C. § 1, et seq., does not supply this court with federal question jurisdiction. General Atomic Co., 655 F.2d at 970 ("Courts have consistently held that actions brought under the Federal Arbitration Act require an independent juris-

dictional basis") and at 971 ("Since GAC has alleged no independent grounds to justify an exercise of federal jurisdiction in the instant application, that is, diversity of citizenship or a federal question other than the enforcement of the arbitration agreement, this court has no subject matter jurisdiction to confirm the awards in question"). Accord Loral Corp. v. Swiftships, Inc., 77 F.3d 420, 421 (11th Cir.) ("Subject matter jurisdiction for cases filed pursuant to § 9 of the Act must be based upon either diversity of citizenship or the existence of a federal question"), cert. denied, 519 U.S. 966, 117 S.Ct. 390, 136 L.Ed.2d 306 (1996).

because VMI did not comply with the requirements of the Federal Arbitration Act, and because there is a pending state court action. The state court action, however, has since been removed and consolidated with the federal court action. As discussed above, diversity jurisdiction exists for these consolidated cases. Accordingly, this court denies the MMI's motion to dismiss.

### C. MMI's Motion to Confirm the Arbitration Award is Denied and VMI's Motion to Vacate the Arbitration Award is Granted.

Initially, this court must determine whether the confirmation or vacation of the Arbitration Award is governed by Hawaii's statutes governing Arbitration and Awards, Haw.Rev.Stat. § 658, or by the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*[5]

■ Because jurisdiction for this case is based upon diversity of citizenship, this court applies Hawaii substantive law. *Continental Ins. Co. v. Metro–Goldwyn–Mayer, Inc.,* 107 F.3d 1344, 1346 (9th Cir. 1997) ("In a diversity case we apply state substantive law"); *Nevada Power Co. v.*

*Monsanto Co.,* 955 F.2d 1304, 1306 (9th Cir.1992) ("This matter was before the district court under its diversity jurisdiction, and hence state substantive law applies"); *Davis v. Metro Prods., Inc.,* 885 F.2d 515, 519 (9th Cir.1989) ("Sitting in diversity, we, like the district court, are obliged to follow the applicable state substantive law").[6]

■ Under Hawaii law, a court shall confirm an arbitration award, "unless the award is vacated, modified, or corrected."[7] Haw.Rev.Stat. § 658–8; *see Wayland Lum Construc., Inc. v. Kaneshige,* 90 Hawaiʻi 417, 421, 978 P.2d 855, 859 (Haw. 1999) (stating that, because of the legislative policy of encouraging arbitration and thereby discouraging litigation, judicial review of an arbitration is confined to "the strictest possible limits" and that "HRS § 658–8 contemplates a judicial confirmation of the award issued by the arbitrator, 'unless the award is vacated, modified, or corrected' "); *Salud v. Financial Sec. Ins. Co.,* 7 Haw.App. 329, 332, 763 P.2d 9, 11, *cert. denied,* 70 Haw. 664, 796 P.2d 501 (1988) (stating that judicial review of an arbitration award is confined to the strictest possible limits).[8]

---

5. Although the Contract states that it "shall be governed by the law of [Hawaii]," Contract ¶ 13.1.1, the Contract also explicitly states that, after an arbitration award, "judgment may be entered upon it *in accordance with applicable law* in any court having jurisdiction thereof." Contract ¶ 4.5.7 (emphasis added). Accordingly, there is no express limitation stating that the Arbitration may only be confirmed under Haw.Rev.Stat. § 658, as opposed to under 9 U.S.C. § 1, *et seq.* However, as discussed below, this court applies Hawaii law.

6. Citing *Howard Fields & Assocs. v. Grand Wailea Co.,* 848 F.Supp. 890 (D.Haw.1993), VMI argues that the Federal Arbitration Act governs this case. *Howard Fields,* however, dealt with arbitrability of a dispute, not with what law governs confirmation of an arbitration award. This case rather raises issues addressed in *Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.,* 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989). In *Volt,* the Supreme Court held that, even if the Federal Arbitration Act applied to a dispute, that Act did not preempt California

law on staying an arbitration when the parties had agreed to arbitrate in accordance with California law. *Id.* at 476–78, 109 S.Ct. 1248. *Volt* noted that the federal policy is to ensure the enforceability of private agreements to arbitrate, but that "[t]here is no federal policy favoring arbitration under a certain set of procedural rules." *Id.* at 476, 109 S.Ct. 1248. Hawaii law also ensures the enforceability of private arbitration agreements. Just as California law was applied in *Volt,* Hawaii law governing the confirmation and vacation of the Arbitration Award applies here.

7. Even if the Federal Arbitration Act had been applied in this case, the court's analysis would not change. An arbitration must be confirmed under the Federal Arbitration Act, "unless the award is vacated, modified, or corrected." 9 U.S.C. § 9; *see also Howard Fields,* 848 F.Supp. at 895 ("The State of Hawaii has enacted an arbitration act that is virtually the same as the federal act").

8. Although section 658–8 states that any party may apply to the "circuit court" for an order confirming the arbitration award, section

■ A court may vacate an arbitration award only: (1) when the award was procured by corruption, fraud, or undue means; (2) when there was evident partiality or corruption of the arbitrator; (3) when the arbitrator was guilty of misconduct by refusing to postpone the hearing or refusing to hear evidence; or when the arbitrator was guilty of any other misbehavior, prejudicing the rights of any party; or (4) when the arbitrator exceeded his or her power or authority.[9] Haw.Rev.Stat. § 658–9; *Wayland Lum*, 90 Hawai'i at 421, 978 P.2d at 859 (stating that the legislature has mandated that a court may vacate an arbitration award only on the four grounds specified in HRS § 658–9); *Salud*, 7 Haw.App. at 332, 763 P.2d at 11.

MMI requests that this court vacate the Arbitration Award based on two grounds. First, MMI claims that VMI's counsel had improper communications with the Arbitrator concerning future potential remuneration. MMI additionally argues that the Arbitrator failed to disclose this *ex parte* communication. Second, MMI says that the Arbitrator refused to hear evidence that was pertinent and material to the controversy. This court vacates the Arbitration Award based on the Arbitrator's failure to disclose a conflict of interest.

### 1. *Evident Partiality.*

■ After reviewing the written submissions of the four motions before it, particularly the materials relating to the telephone discussion between VMI's counsel and the Arbitrator about the trust dispute, this court contacted the parties. The contact occurred on the Friday preceding the Monday hearing on these motions and, in keeping with this court's pre-hearing practice, included the court's inclination to deny the motions to remand and dismiss VMI's application to confirm the Arbitration Award. The court also instructed the attorneys to come to the hearing prepared to discuss whether the telephone conversation on October 14, 1999, concerning the trust dispute, justified vacating the Arbitration Award. At the hearing, VMI's attorney candidly provided details relevant to that telephone call. In response to questions by the court, VMI's attorney also explained that, in September 1999, he had discussed with the Arbitrator the possibility of the Arbitrator's mediating in an unrelated legal malpractice action. This discussion had not previously been disclosed to MMI and was clearly required to be disclosed. Ultimately, the Arbitrator was appointed as the mediator in that malpractice action and had a conversation with the attorneys in that case on November 19, 1999, which was after the evidence in the present arbitration had closed but before the Arbitrator had issued his ruling. The appointment of the Arbitrator as the mediator in the malpractice suit was also not disclosed.

There is no evidence that VMI's counsel was attempting to bias the Arbitrator or otherwise act with any improper motive. Nor is there any evidence that the Arbitrator was actually biased by the possibility of becoming a mediator in any unrelated case or by his eventual appointment as the mediator in those cases. To the contrary, this court is convinced that, in discussing the trust and malpractice cases, both

658–8 does not grant the circuit courts of Hawaii exclusive jurisdiction to confirm such awards. To hold otherwise and require all arbitration awards to be confirmed only in state circuit court would nullify this court's diversity jurisdiction. It would also make a nullity of an agreement that, unlike the Contract in issue here, contained a forum selection clause. For example, when parties agree that any controversy will be arbitrated in California using Hawaii law, an arbitration award could not be confirmed under Hawaii law if section 658–8 were read to restrict jurisdiction to Hawaii's circuit courts. Moreover, because the parties never raised this issue of whether section 658–8 grants the Hawaii circuit courts exclusive jurisdiction to confirm arbitration awards, they have waived that argument.

9. Had this court analyzed this case under the Federal Arbitration Act, the same factors would justify vacation of the Arbitration Award. *See* 9 U.S.C. § 10; *see also Howard Fields*, 848 F.Supp. at 895.

VMI's counsel and the Arbitrator were acting in good faith. This court does not mean to suggest otherwise. Nevertheless, the nondisclosure of the discussion and appointment, in at least the malpractice case, was clearly a serious failing that warrants vacating the Arbitration Award.

What constitutes "evident partiality" sufficient to vacate an arbitration award is a difficult question. *See Salud*, 7 Haw.App. at 333, 763 P.2d at 11. Under Hawaii law, "evident partiality" sufficient to vacate an arbitration award may be demonstrated when a conflict of interest exists with the arbitrator. That is, when an arbitrator has a personal, professional, or business relationship with a party, its counsel, principal, or agent, a conflict of interest may arise sufficient to justify vacating that arbitration award.[10] *Salud*, 7 Haw.App. at 333, 763 P.2d at 11–12. Hawaii courts have explained that evident partiality not only exists when there is actual bias on the part of the arbitrator, but also when undisclosed facts demonstrate a "reasonable impression of partiality." *Sousaris v. Miller*, 92 Hawai'i 534, 542, 993 P.2d 568, 576 (Haw.App.1998) (quoting *Schmitz v. Zilveti, III*, 20 F.3d 1043, 1046 (9th Cir.1994), after explaining that Hawaii relies on federal case law in determining what constitutes evident partiality), *aff'd*, 92 Hawai'i 505, 993 P.2d 539 (2000).

In *Schmitz*, the Ninth Circuit vacated an arbitration award when an arbitrator did not disclose that his law firm represented the parent company of one of the parties. The arbitrator in *Schmitz* had no actual knowledge that his law firm represented that parent company. Accordingly, that arbitrator could not possibly have been actually biased in favor of one of the parties. The Ninth Circuit nevertheless vacated the arbitration award, finding a "reasonable impression of partiality." *Schmitz*, 20 F.3d at 1046, 1049.

In the present case, it appears that VMI's counsel, on behalf of one of his other clients, and the Arbitrator entered into another agreement appointing the Arbitrator to mediate an unrelated malpractice dispute. Neither the discussion of the possible appointment in the malpractice case, nor the actual appointment of the Arbitrator as mediator was disclosed. Although the Arbitrator may have merely overlooked disclosing his conversation and appointment as mediator in the malpractice action, the present case presents a more egregious situation than was involved in *Schmitz*. Here, the Arbitrator had actual knowledge of the conflict, as well as knowledge that this was the type of conflict he was supposed to disclose. *See* Notice of Appointment (July 29, 1998) ("If any relationship arises during the course of the arbitration ..., it must also be disclosed"). Under *Schmitz*, a "reasonable impression of partiality" exists, and this court has no choice but to vacate the Arbitration Award.[11]

*2. Refusal to Admit Evidence.*

MMI also says that this court should vacate the arbitration award because the Arbitrator refused to permit MMI to present testimony by VMI's counsel. MMI argues that opposing counsel's testimony was necessary to demonstrate that he was attempting to influence the Arbitrator when he alleged improper witness tampering by MMI. MMI has not demonstrated the pertinence or materiality of opposing

---

10. Under the ethical code governing arbitrators' conduct, "[a]fter accepting appointment and while serving as an arbitrator, a person should avoid entering into any financial, business, professional, family or social relationship, or acquiring any financial or personal interest, which is likely to affect impartiality or which might reasonably create the appearance of partiality or bias." Canon 1, Cmt. D, Code of Ethics for Arbitrators in Commercial Disputes.

11. Because the undisclosed conversation and appointment of the Arbitrator as the mediator in the malpractice case justify vacating the Arbitration Award, this court need not reach the question of whether the disclosed conversation about the trust dispute and the subsequent appointment of the Arbitrator as mediator in that dispute also justify vacating the Arbitration Award.

counsel's testimony. *See* Haw.Rev.Stat. § 658–9(3). Indeed, the record before this court shows that the testimony was neither pertinent or material. VMI moved to dismiss the arbitration petition due to witness tampering. The Arbitrator denied that motion, rejecting the allegations of witness tampering. VMI's counsel's testimony was therefore neither pertinent nor material to the Arbitration Award. Accordingly, the court does not vacate the Arbitration Award based on the Arbitrator's refusal to admit VMI's counsel's testimony.

## IV. *CONCLUSION.*

Because this court has diversity jurisdiction, MMI's motions to remand and dismiss VMI's application for confirmation of the Arbitration Award are denied. Because the Arbitrator failed to disclose that he discussed becoming the mediator in an unrelated case with VMI's counsel and did become the mediator while the present dispute was pending, the motion to vacate the Arbitration Award is granted and the application to confirm it is denied. The Clerk of the Court is directed to enter judgment in favor of MMI, vacating the Arbitration Award.

IT IS SO ORDERED.