**METALMARK NORTHWEST, LLC, an Oregon limited liability company; Valley Bronze of Oregon, Inc., an Oregon corporation, Plaintiffs—Appellees,**

v.

**Laura Janelle STEWART; Stewart Springs, Ltd., Defendants— Appellants,**

**and**

**Christopher W. Stewart; F. Leith Boggess; Highland Ornamental Iron Works, Inc., a Virginia corporation; Milestone Tarant, LLC, a District of Columbia limited liability company; Richard T. Ross; Superior Iron Works, Inc., a Virginia corporation, Defendants.**

No. 06–35321.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 4, 2008.

Filed Feb. 11, 2008.

Robert L. Aldisert, Stephanie K. Hines, Esq., Cody M. Weston, Esq., Perkins Coie, LLP, Portland, OR, for Plaintiffs–Appellees.

Douglas S. Parker, Esq., Richard G. Price, Esq., Kirkpatrick & Lockhart Preston Gates Ellis, LLP, Portland, OR, for Defendants–Appellants.

David J. Hollander, Esq., Hollander Lebenbaum & Gannicott, Portland, OR, Kimberly A. Sordyl, Esq., Williams, Zografos & Peck, Lake Oswego, OR, Herman M. Braude, Esq., Braude & Margulies PC, Washington, DC, for Defendants.

Before: RYMER, T.G. NELSON, and PAEZ, Circuit Judges.

### MEMORANDUM *

Janelle Stewart and Stewart Springs, Ltd. challenge the district court's confirmation of an arbitration award in favor of Metalmark Northwest, LLC and Valley Bronze of Oregon, Inc. We remand for the limited purpose of enabling the district court to determine whether there was complete diversity of the parties both when the motion to confirm the arbitration award was filed in state court and when the action was removed to federal court.

Metalmark/Valley Bronze filed suit in Oregon state court to enforce the arbitration award, and Janelle Stewart and Stewart Springs removed that action to federal court on the basis of diversity of citizenship. *See General Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 970 (9th Cir. 1981) ("[A]pplicants who ... seek confirmation of an arbitration award under 9 U.S.C. § 9, must demonstrate independent grounds of [jurisdiction].").  It appears that the parties may not have been diverse upon removal because Metalmark was a limited liability company whose members were Stewart Springs and Valley Bronze. At the time the action was filed in state

court, and when it was removed, Stewart Springs was a citizen of Virginia. This implicates *Johnson v. Columbia Properties Anchorage, LP*, which held that for the purposes of diversity jurisdiction, "an LLC is a citizen of every state of which its owners/members are citizens." 437 F.3d 894, 899 (9th Cir.2006). *Johnson* came down after the district court's decision in this case, so it was not taken into consideration by the parties or the court.

Also, at oral argument, Metalmark's counsel asserted that Stewart Springs was no longer a member of Metalmark at the time of removal, but there is no finding to this effect and we are reluctant to venture there ourselves. Given that the record is (understandably) unclear on the effect of *Johnson*, if any, on the district court's jurisdiction, we remand for the limited purpose of allowing the district court to determine its jurisdiction in the first instance. We will hold our own determination on jurisdiction, as well as on the merits, in abeyance pending its ruling, which we encourage the court to make within 60 days. The parties shall notify us as soon as the district court has rendered a decision, and may have 15 days thereafter to submit simultaneous, supplemental briefs on the jurisdictional issue.

REMANDED in part; SUBMISSION VACATED.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.