NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 6 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DRUM LODGE, LLC,

  Petitioner - Appellant,

v.

MARTEL CONSTRUCTION, INC.,

  Respondent - Appellee.

No. 24-2833

D.C. No.
2:24-cv-00219-WBS-JDP

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted April 1, 2025
Pasadena, California

Before: M. SMITH and VANDYKE, Circuit Judges, and MAGNUS-STINSON,
District Judge.**

Petitioner Drum Lodge, LLC (Drum Lodge) appeals from a final judgment of

the district court dismissing Drum Lodge's petition to vacate an arbitration award in

favor of Martel Construction, Inc. (Martel) and the accompanying award of

---

  *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  **    The Honorable Jane Magnus-Stinson, United States District Judge for
the Southern District of Indiana, sitting by designation.

attorneys' fees. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Because the parties are familiar with the facts and background of this case, we provide only the information necessary to give context to our ruling. Martel and Drum Lodge entered into arbitration before a three-member tribunal to resolve disputes related to a construction project. The tribunal ultimately decided in favor of Martel, concluding that Drum Lodge had breached the parties' contract and was liable for damages. The tribunal further ordered Drum Lodge to pay Martel's attorneys' fees pursuant to Rule 48(d)(ii) of the Construction Rules of the American Arbitration Association, which was incorporated into the parties' contract. Drum Lodge filed a petition to vacate the arbitration award and award of attorneys' fees, but the district court dismissed the petition. Drum Lodge raises two challenges to this dismissal, both of which fail.

1.     Drum Lodge first argues that the award of attorneys' fees should be vacated pursuant to 9 U.S.C. § 10(a)(4) because the tribunal exceeded its authority in awarding attorneys' fees to Martel. We do not agree. Section 10(a)(4) presents "a high standard for vacatur." *HayDay Farms, Inc. v. FeeDx Holdings, Inc.*, 55 F.4th 1232, 1240 (9th Cir. 2022) (quoting *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 641 (9th Cir. 2010)). To satisfy this standard, "it is not enough to show that the arbitrator committed an error—or even a serious error." *Id.* (alterations omitted) (quoting *Lagstein*, 607 F.3d at 641). Instead, "[a]rbitrators

exceed their powers . . . not when they merely interpret or apply the governing law incorrectly, but when the award is completely irrational, or exhibits a manifest disregard of law." *U.S. Life Ins. Co. v. Superior Nat'l Ins. Co.*, 591 F.3d 1167, 1177 (9th Cir. 2010) (alteration in original) (quoting *Schoenduve Corp. v. Lucent Techs., Inc.*, 442 F.3d 727, 731 (9th Cir. 2006)).

That standard is not met here for two reasons. *First*, the tribunal reasonably interpreted Construction Rule 48(d)(ii) to authorize the award of attorneys' fees here in light of the facts that (1) Martel requested prevailing party fees and (2) Drum Lodge requested attorneys' fees, at a minimum, pursuant to the contract's indemnification provision. Contrary to Drum Lodge's focus on whether it asked for *prevailing-party* attorneys' fees, Construction Rule 48(d)(ii) can be reasonably interpreted to apply when all parties request *some form* of attorneys' fees—which indisputably occurred here. There is thus no basis to disturb the arbitrator's decision. *See HayDay Farms*, 55 F.4th at 1241 ("[A]n arbitrator does not exceed its authority if the decision is a plausible interpretation of the arbitration contract. Accordingly, the court must defer to the arbitrator's decision as long as the arbitrator even arguably construed or applied the contract." (citation omitted) (quoting *U.S. Life Ins. Co.*, 591 F.3d at 1177)).

*Second*, even if we were to accept Drum Lodge's argument that a request for fees under the contract's indemnification provision is insufficient to trigger the

application of Construction Rule 48(d)(ii), Drum Lodge's challenge still fails. The tribunal made a finding that, when questioned, Drum Lodge orally represented that it was seeking attorneys' fees and "did not condition or limit its affirmative answer to success on its indemnity counterclaim." Our review of arbitration decisions is limited, and "[w]hether or not the panel's findings are supported by the evidence in the record is beyond the scope of our review." *Bosack v. Soward*, 586 F.3d 1096, 1105 (9th Cir. 2009). We must accept the tribunal's finding on this point, *see HayDay Farms*, 55 F.4th at 1241, and, in light of that finding, an award of attorneys' fees pursuant to Construction Rule 48(d)(ii) was permissible.

2.      Drum Lodge next argues that the arbitration award must be vacated on grounds of evident partiality pursuant to 9 U.S.C. § 10(a)(2) because the award was infected by a conversation that occurred between Martel's counsel and the tribunal members about the possibility of the members serving on future tribunals in Montana. Again, we disagree.

To begin, Drum Lodge waived this issue. The waiver doctrine precludes a party from seeking vacatur of an arbitration award on the grounds of evident partiality "where [the] party . . . has constructive knowledge of a potential conflict but fails to timely object." *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 386 F.3d 1306, 1313 (9th Cir. 2004); *see also Monster Energy Co. v. City Beverages, LLC*, 940 F.3d 1130, 1134 (9th Cir. 2019). Here, as shown in the relevant declarations, Drum Lodge

had actual knowledge of "the key fact that triggered the specter of partiality," *Monster Energy*, 940 F.3d at 1135, but concededly failed to raise any partiality argument before the arbitrators. The issue is thus waived.

Even if we were to reach the issue, we would reject Drum Lodge's arguments. In the absence of actual bias, the possible conflict at issue must be *undisclosed* to give rise to an evident-partiality claim. *See Lagstein*, 607 F.3d at 645–46. But, here, Drum Lodge's counsel was *in the same room* when the allegedly improper conversation occurred. It is hard to see how the bald assertion by Drum Lodge's counsel that he "was under the impression that neither [Martel's counsel] nor the arbitrators were aware of [his] presence" during the conversation could be sufficient to show that the conversation was undisclosed. Moreover, the conversation at issue here was simply too general and abstract to give rise to "[a] reasonable impression of bias." *Id.* at 646 (alteration in original) (quoting *Woods v. Saturn Distrib. Corp.*, 78 F.3d 424, 427 (9th Cir. 1996)); *cf. Valrose Maui, Inc. v. Maclyn Morris, Inc.*, 105 F. Supp. 2d 1118, 1124 (D. Haw. 2000) (finding evident partiality when an arbitrator failed to disclose that he had agreed to mediate in a separate malpractice case on behalf of one party's attorney).

**AFFIRMED.**